93 N.J. Super. 212 (1966)
225 A.2d 582
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT LEWIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1966.
Decided December 22, 1966.
*213 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Charles A. McGeary, assigned counsel, argued the cause for the appellant.
Mr. Rudolph J. Rossetti, Assistant Prosecutor, argued the cause for the respondent (Mr. Norman Heine, Camden County Prosecutor, attorney; Mr. Edward A. Colligan, on the brief).
PER CURIAM.
In our opinion in this case, filed April 28, 1966, we affirmed defendant's convictions of rape, kidnapping and atrocious assault and battery but, as to the conviction of carrying a concealed weapon, we said:
"Defendant argues that his motion for judgment of acquittal on the indictment charging him with carrying a concealed weapon should have been granted. But, since his sentence on this charge is concurrent with the much longer terms imposed for the other charges, it is unnecessary to consider the validity of this conviction. State v. Raymond, 74 N.J. Super. 434, 442-443 [181 A.2d 515] (App. Div. 1962), appeal dismissed, 39 N.J. 241 [188 A.2d 305] (1963); Lawn v. United States, 355 U.S. 339, 359 [78 S.Ct. 311], 2 L.Ed.2d 321, 335 (1958); Roviaro v. United States, 353 U.S. 53, 59 [77 S.Ct. 623], 1 L.Ed.2d 639, 644 (1957); Hirabayashi v. United States, 320 U.S. 81 [63 S.Ct. 1375], 87 L.Ed. 1774 (1943); Pinkerton v. United States, 328 U.S. 640 [66 S.Ct. 1180], 90 L.Ed. 1489, 1493 (1945); cf. State v. Kaufman, 18 N.J. 75, 81-84 (1955)."
On November 15, 1966 our Supreme Court denied certification "for want of merit except as to the failure of the Appellate Division of the Superior Court to consider the validity of the conviction for carrying a concealed weapon and, as to that issue, the matter is remanded to the Appellate Division for consideration and disposition."
We take this to mean that the Supreme Court disapproves the practice followed in the cases cited in the portion of our opinion quoted above. We turn, therefore, to the merits of the conviction for carrying a concealed weapon.
The evidence was that the gun was found in a jacket on the front seat of a car in which Lewis and six others had been riding; the jacket was not shown to be Lewis'; Lewis *214 had been sitting in the back seat; he was not in the car when the jacket and the gun were found, he and the others having left the car to perpetrate the other crimes for which he was convicted.
The indictment charged the violation of N.J.S. 2A:151-41, which provides that "any person who carries * * * in any automobile * * * or concealed on or about his clothes or person, or otherwise concealed in his possession: (a) a pistol, revolver or other firearm * * * is guilty of a misdemeanor." Defendant moved for judgment of acquittal on this indictment but the motion was denied.
N.J.S. 2A:151-7 provides that "The presence of a firearm * * * in a vehicle is presumptive evidence of possession by all persons occupying the vehicle at the time." The judge charged the jury:
"What does that mean in plain, simple words? It means that as far as the State is concerned once they show that the weapon is in the car, which is occupied by, we will say, seven people, the presumption is raised that each one of those seven is responsible for the weapon being in the car. Now, mark you, it is only a presumption, and the raising of that presumption then calls upon the various defendants in the car to now produce proof showing No. 1, that it was not their weapon, or that they didn't even know that the weapon was in the car. In other words, to show lack of intention on their part as far as possession of the weapon is concerned. Whatever the testimony was concerning that point is up to you. I will not comment upon any testimony concerning the matter of possession of the firearm in the automobile."
There was no objection to the charge.
The constitutionality of N.J.S. 2A:151-7 has not been argued before us. Assuming that it is constitutional as applied to appropriate facts, we think it would be an unconstitutional construction to hold that under it the mere unexplained presence of a gun concealed in a coat worn by or belonging to one passenger justifies the conviction of another passenger of unlawful possession. See United States v. Romano, 328 U.S. 136, 86 S.Ct. 279, 15 L.Ed. 210 (1965); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); United States ex. rel. Murphy v. Warden *215 of Clinton Prison, 29 F. Supp. 486 (N.D.N.Y. 1939), affirmed United States ex. rel. Murphy v. Murphy, 108 F.2d 861 (2 Cir. 1940), certiorari denied 309 U.S. 661, 60 S.Ct. 583, 84 L.Ed. 1009, rehearing denied 309 U.S. 696, 60 S.Ct. 609, 84 L.Ed. 1036 (1940). We hold that N.J.S. 2A:151-7 does not apply in such a case and did not apply here. Since there was no other evidence of possession, the judgment of conviction on this indictment is reversed, and judgment of acquittal thereon is entered.