PUEBLO DE PUERTO RICO, apelado, *v.* ÁNGEL L. GONZÁLEZ BENÍQUEZ, acusado y apelante.

*Número:* CR-79-63      *Resuelto:* 23 de junio de 1981

168

*Yamil Galib Frangie* y *Baltasar Quiñones Elías,* abogados del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El Ministerio Público acusó a Ángel L. González Beníquez y a otras tres personas de violar concertadamente los Arts. 6, 7 y 8 de la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. secs. 416-418). Tras juicio por jurado, se halló culpable al imputado de infringir el Art. 8 y se le sentenció a cumplir de uno a tres años de presidio. Los casos de infracción de los Arts. 6 y 7 se ventilaron ante tribunal de derecho, el cual condenó en cada causa al

apelante a una pena de seis meses de cárcel. Las sentencias en todos los casos disponen que se cumplirán concurrentemente entre sí. Las únicas causas ante nuestra consideración son las concernientes a Ángel L. González Beníquez.

Los hechos que dieron lugar a las acusaciones son los siguientes. La prueba de cargo consistió en la declaración de dos testigos. El primero, policía estatal, expuso que, mientras rendía labor en la División de Patrullas en la noche del 2 de julio de 1977 y la madrugada siguiente, un ciudadano les informó a él y a su compañero que de un Chevrolet azul, modelo antiguo, habían hecho unos disparos. La patrulla cambió de dirección y logró dar alcance a un Chevrolet azul, modelo de 1955. La policía hizo sonar su sirena y el Chevrolet aceleró. El testigo observó que del Chevrolet, que se apagó y perdió velocidad, lanzaron dos objetos brillosos. Al detenerse el Chevrolet, sus ocupantes, entre los que se hallaba el apelante, intentaron correr. Mientras su compañero mantenía temporalmente detenidos a los futuros acusados, el testigo buscó por el camino y halló una pistola descargada y un revólver de seis balas, de las cuales tres habían sido disparadas. El testigo y su compañero procedieron entonces a arrestar a los ocupantes del Chevrolet, después de hacerles las advertencias de rigor, y los registraron. Nada hallaron en su persona o en el vehículo.

El segundo testigo de cargo declaró que trabajaba como cantinero en un negocio, en el cual había ocurrido una trifulca. Resultó herido el apelante. Luego el testigo vio que cuatro individuos se marcharon en un carro y a los treinta segundos escuchó unos disparos. No vio quien los hizo.

Terminada la prueba de cargo, el apelante solicitó su absolución bajo la Regla 135 de Procedimiento Criminal. El tribunal denegó su solicitud. El apelante presentó a continuación a su esposa como único testigo de defensa. La esposa expresó que nunca le había visto armas a su esposo.

Al concluir la prueba y los informes de las partes, el apelante requirió al tribunal que no instruyera a los miembros del jurado sobre la presunción estatuida por el Art. 14 de la Ley de Armas, 25 L.P.R.A. sec. 424.(¹) El tribunal desatendió el requerimiento y, en el curso de sus instrucciones, le leyó al jurado el citado precepto de ley.

El apelante sostiene, entre otros planteamientos, que la presunción que establece el Art. 14 es inconstitucional.

El empleo y validez en derecho penal de presunciones como la que nos ocupa ha sido objeto de muchas decisiones y monografías. El Tribunal Supremo de Estados Unidos, por ejemplo, ha utilizado multitud de criterios para determinar si es o no constitucionalmente permisible el uso de ciertas presunciones en determinadas circunstancias. Comment, *Possession and Presumptions: the Plight of the Passenger under the Fourth Amendment*, 48 Fordham L. Rev. 1027 (1980); Nesson, *Reasonable Doubt and Permissive inferences: The Value of Complexity*, 92 Harv. L. Rev. 1187 (1979); Underwood, *The Thumb on the Scales of Justice: Burdens of Persuasion in Criminal Cases*, 86 Yale L.J. 1299 (1977); Note, *The Unconstitutionality of Statutory Presumptions*, 22 Stan. L. Rev. 341 (1970). Los tres más importantes, en el orden cronológico de su desarrollo, son: el criterio del nexo racional, el de la mayor probabilidad

---

(¹) El Art. 14 de la Ley de Armas dispone:

"La presencia en un vehículo de cualquiera de las armas, instrumentos o accesorios especificados en los artículos 4, 5, 6, 9 y 10 de esta Ley será evidencia prima facie de su posesión ilegal por todas las personas que se encuentren en dicho vehículo al momento en que se hallaren tales armas, instrumentos o accesorios salvo que se tratare de un vehículo de servicio público que en ese momento estuviere transportando pasajeros mediante paga. Cuando una de las personas que se encuentren en dicho vehículo sea la que porte en su persona dicha arma, instrumento o accesorio y dicha persona lleve consigo una licencia válida para portar el arma, instrumento o accesorio así hallado, y no estuviere allí bajo amenaza, la presunción de posesión ilegal no cubrirá a las otras personas que se encuentren en dicho vehículo.

"Nada de lo contenido en este artículo será aplicable a los funcionarios públicos, policías, soldados o personas autorizadas por esta Ley para portar armas por razón de su cargo."

de que el hecho presumido sea cierto que incierto y el de la duda razonable.

El primer criterio fue creado en *Mobile, J.&K.C.C.R.R. Co.* v. *Turnipseed*, 219 U.S. 35 (1910). Fue utilizado más tarde en *Yee Hem* v. *United States*, 268 U.S. 178 (1925); *Tot* v. *United States*, 319 U.S. 463 (1943); *United States* v. *Gainey*, 380 U.S. 63 (1965) y *United States* v. *Romano*, 382 U.S. 136 (1965). A veces se invocó para validar y en otras para anular la presunción concernida.

El segundo criterio, más riguroso, se anunció por primera vez en *Leary* v. *United States*, 395 U.S. 6 (1969). Véase: Note, *Abrogation of Criminal Statutory Presumptions*, 5 Suffolk U.L. Rev. 161, 185 (1970–71).

Para la definición del tercer criterio, al efecto de que la condena solo pueda sostenerse si la prueba presentada es suficiente para determinar fuera de toda duda razonable la existencia del hecho presumido, véase: *Barnes* v. *United States*, 412 U.S. 837, 843 (1973).

En Estados Unidos nunca se ha resuelto si la Constitución exige que se cumpla también con el criterio de la duda razonable cuando la presunción satisfaga otros criterios. En *Leary*, supra, pág. 36, n. 64, el Tribunal reservó expresamente su opinión sobre este asunto. En casos posteriores tampoco ha habido ocasión de pronunciarse sobre esta vital cuestión. En *Barnes*, supra, *County Court of Ulster Cty.* v. *Allen*, 442 U.S. 140 (1979), y en otros casos, el Tribunal Supremo de Estados Unidos ha logrado resolver las controversias planteadas, sin tener que emitir juicio sobre el problema.

El hecho de que el Tribunal Supremo de Estados Unidos aún no se haya manifestado sobre el carácter, constitucional o no, del tercer criterio no significa que el Tribunal haya debilitado derechos reconocidos plenamente tanto por la Constitución de Estados Unidos como por la de Puerto Rico. En *In Re Winship*, 397 U.S. 358, 364 (1970), el Tribunal señaló que el debido proceso de ley

protege en todo caso al acusado contra condenas no fundadas en la prueba, más allá de duda razonable, de cada elemento del crimen imputado. En *Allen*, supra, pág. 156, donde el Tribunal determinó, por votación de cinco a cuatro, que una presunción análoga a la aquí envuelta era válida a la luz de las circunstancias específicas del caso, la mayoría aclaró de todos modos que el valor y validez de las presunciones e inferencias varía de situación a situación y que "en casos criminales, el criterio determinante de la validez constitucional de cualquier mecanismo en un caso determinante permanece inalterado: el mecanismo no puede minar la responsabilidad del juzgador en el juicio, de considerar demostrados a la luz de la prueba desfilada por el Ministerio Público los hechos básicos más allá de duda razonable". Véase: *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975).

En *Allen*, supra, pág. 157, el Tribunal distinguió también entre las presunciones permisibles y las obligatorias y subrayó que las primeras permiten, pero no requieren, que el juzgador de los hechos infiera el hecho presumido, por lo que la carga de la prueba no puede trasladarse al acusado. Tal es la doctrina que hemos establecido en Puerto Rico al considerar específicamente el Art. 14 de la Ley de Armas, aunque sin expresarnos sobre la cuestión referente a los criterios para medir su validez. *Pueblo* v. *De Jesús Cordero*, 101 D.P.R. 492, 501 (1973).

La presunción de inocencia, el derecho a no incriminarse mediante el propio testimonio y el derecho a un juicio justo e imparcial han causado también, junto a otros factores ya mencionados, que las instrucciones que el juez imparta sean cuidadosamente escudriñadas. *Sandstrom* v. *Montana*, 442 U.S. 510 (1979).

Algunos estados norteamericanos han estatuido una presunción análoga a la que nos ocupa; otros no. Comment, *Possession and Presumptions: the Plight of the Passenger*

*under the Fourth Amendment,* supra, pág. 1044, n. 96. En *State* v. *Watson,* 345 A.2d 532, 543 (Conn. 1973), se declaró inconstitucional la presunción. *Cf. State* v. *Humphreys,* 255 A.2d 273, 278-79 (1969). Véase además: *State* v. *Lewis,* 225 A.2d 582 (N.J. 1966). Existe jurisprudencia en contrario, mas la doctrina reciente se inclina a considerar inconstitucional la presunción, al menos cuando no se insertan las salvaguardas necesarias, usualmente por vía de instrucciones completas. Comment, *Possession and Presumptions: the Plight of the Passenger under the Fourth Amendment,* supra, pág. 1040; Nesson, *Reasonable Doubt and Permissive Inferences: The Value of Complexity,* supra, pág. 1192 *et seq.* Véase: Ashford y Risinger, *Presumptions, Assumptions, and Due Process in Criminal Cases: A Theoretical Overview,* 79 Yale L.J. 165 (1969).

En el caso de autos no es necesario pasar juicio sobre el problema constitucional.(²) En lo que respecta a la alegada violación del Art. 8, ventilada en juicio por jurado, la Asamblea Legislativa de Puerto Rico no ha autorizado el empleo de la presunción creada por el Art. 14, antes transcrito, de la Ley de Armas. El tribunal de instancia erró al leerle al jurado el Art. 14 en el curso de sus instrucciones sobre la alegada infracción al Art. 8. Esta acción maculó irremediablemente el veredicto, ya que un jurado razonable pudo darle peso a una presunción no autorizada en este tipo de caso. *Sandstrom* v. *Montana,* supra.(³)

En lo que respecta a las sentencias dictadas en los casos de alegada violación a los Arts. 6 y 7, la situación es distinta. Los casos se vieron por tribunal de derecho. Los jueces conocen, como es natural, la naturaleza permi-

---

(²) No estamos pasandò juicio tampoco sobre otras situaciones en que el estatuto, ya sea de su faz o por su aplicación, vulnere la presunción de inocencia u otros derechos constitucionales del acusado.

(³) Véase, además, la Regla 15 de Evidencia de 1979 y E. Chiesa, *Sobre la validez constitucional de las presunciones,* XIV Rev. Jur. U.I.A. 727 (1980).

sible de la presunción establecida por el Art. 14 en lo que respecta al Art. 6. Saben que puede o no dar lugar a inferir el hecho presumido, que no invierte la carga de la prueba, que no releva al Estado de probar cada elemento del delito fuera de duda razonable, que no puede afectar la presunción de inocencia, el derecho a no incriminarse, el derecho a un juicio justo y otros derechos. No podemos dar por sentado que el tribunal de instancia hizo uso inadecuado de la presunción empleable en el caso de infracción al Art. 6. No surgió en éste la confusión que dio lugar a *Sandstrom.* El juez tuvo ante sí, tanto en cuanto a la denuncia por violación al Art. 6 como con referencia al caso sobre el Art. 7, prueba suficiente para hallar culpable al acusado fuera de duda razonable. No vemos razón para interferir con su apreciación de la prueba.(⁴)

Por las razones expuestas *se revoca la sentencia dictada en el caso de infracción al Art. 8 de la Ley de Armas y se devuelve a instancia para la celebración de un nuevo juicio. Las sentencias impuestas por las infracciones a los Arts. 6 y 7 de tal ley se confirman.*

El Juez Asociado Señor Díaz Cruz emitió voto disidente separado. El Juez Asociado Señor Negrón García emitió opinión disidente, a la cual se unió el Juez Asociado Señor Martín.

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz.

San Juan, Puerto Rico, a 23 de junio de 1981

---

(⁴) En caso por tribunal de derecho, el efecto de una presunción será determinado por el estatuto que crea la presunción o, en su defecto, por la regla de evidencia correspondiente. Nada de lo dicho aquí debe entenderse en el sentido de que en todo caso visto por tribunal de derecho no hay problema constitucional alguno con relación al efecto de la presunción. Si el estatuto que crea la presunción da a esta un efecto indebido, imponiendo al acusado obligación de persuadir o creando una presunción mandatoria, habría que presumir que el juez sentenciador le dio a la presunción el efecto estatutario.

Ordena el Art. 14 de la Ley de Armas, 25 L.P.R.A. sec. 424:

La presencia en un vehículo de cualquiera de las armas, instrumentos o accesorios especificados en [los arts. 4, 5, 6 9 y 10 de la Ley de Armas] será evidencia prima facie de su posesión ilegal por todas las personas que se encuentren en dicho vehículo al momento en que se hallaren tales armas, instrumentos o accesorios salvo que se tratare de un vehículo de servicio público que en ese momento estuviere transportando pasajeros mediante paga.

Con sólo volver la página, la letra del estatuto nos muestra que el Art. 4 (Sec. 414) se refiere a *blackjacks*, cachiporras o manoplas, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar; el Art. 5 (Sec. 415) alude a la ametralladora, carabina, rifle o escopeta de cañón recortado; el Art. 6 (Sec. 416), a pistola, revólver u otra arma de fuego; el Art. 9 (Sec. 419) se contrae a *piezas* o *partes* de cualquier arma de fuego, como la maza del revólver, el *magazine* de la pistola, etc.; y el Art. 10 (Sec. 420) se refiere a *silenciadores*. Una vez aplicada la presunción o norma de evidencia al Art. 6 (Sec. 416), cuyo objeto es pistola, revólver u otra arma de fuego, ninguna necesidad había de mencionar los Arts. 7 y 8 (Secs. 417 y 418), que regulan la misma clase de arma: "pistola, revólver u otra arma de fuego".

Disiento de la opinión que confunde el objeto de evidencia material, que es el arma, con circunstancias variantes que tipifican el delito particular en cada caso: posesión simple o tenencia en el Art. 6; portación o uso en el Art. 7; y portación del arma *cargada* en el Art. 8. Recuérdese que la regla de evidencia prima facie del Art. 14 no trata sobre *modalidades* de las distintas infracciones de la Ley de Armas, sino que con gran sobriedad y exactitud se refiere a las armas en sí al declarar: "La presencia en un vehículo de cualquiera de las *armas*, instrumentos o accesorios . . .". (Énfasis nuestro.)

Reiteramos, con base en *lex scripta* que la presunción ordenada en el Art. 14, Ley de Armas, 25 L.P.R.A. sec. 424, se refiere a las armas por su tipo o naturaleza y sin duda incluye el *revólver* en todas las situaciones en que se considere arma prohibida, bien sea en posesión simple (Art. 6); portación sin carga (Art. 7); o portación con carga o acompañada de municiones (Art. 8). La no inclusión de los Arts. 7 y 8 en la letra del Art. 14 que establece la presunción, se explica porque aquéllos al igual que el Art. 6 se refieren al mismo tipo y clase de arma: revólver. Incluirlos hubiese sido redundancia.

No erró, pues, el juez sentenciador al incluir en sus instrucciones al jurado la citada regla de evidencia prima facie y procede la confirmación de la sentencia apelada.

—O—

Opinión disidente del Juez Asociado Señor Negrón García a la cual se une el Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 23 de junio de 1981

La noche del 3 de julio de 1977 los agentes de policía que patrullaban en un auto la carretera de Aguadilla a Isabela, fueron informados por un ciudadano de un automóvil, el cual les describió, y del cual *se habían hecho unos disparos.*

La policía giró en forma de U y más adelante observaron un vehículo como el descrito, que al tocarle sirena aceleró, se desvió por la carretera Núm. 459, perdiendo velocidad. Los agentes se percataron que de su interior se lanzaron unos objetos hacia afuera. Una vez detenido ese vehículo sus ocupantes, incluso el apelante *intentaron huir,* pero fueron detenidos. Cerca a ese lugar hallaron dos armas de fuego, una de las cuales había sido disparada en tres ocasiones. Ninguno de los ocupantes del vehículo en cuestión poseía licencia para portar armas. Luego de las advertencias de rigor fueron arrestados.

El Ministerio Público acusó a Ángel L. González Beníquez, y a otras tres personas, de violar concertadamente los Arts. 6, 7 y 8 de la Ley de Armas (Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. secs. 416–418)). Un jurado rindió veredicto de culpabilidad en la infracción del Art. 8 y se le sentenció a cumplir de uno a tres años·de reclusión. En los casos de los Arts. 6 y 7 el tribunal de derecho lo encontró culpable y lo condenó en cada causa a una pena de seis meses. Todas las sentencias se cumplirán concurrentemente. Ante nos las causas concernientes a Ángel L. González Beníquez.

Hemos de concentrar en el planteamiento relativo a la negativa del tribunal de abstenerse de instruir al jurado sobre la presunción estatuida en el Art. 14 de la Ley de Armas. 25 L.P.R.A. sec. 424. Plantea su inconstitucionalidad.

La opinión del Tribunal, en una incursión eminentemente académica sobre el aspecto constitucional, concluye que la Asamblea Legislativa no ha autorizado el empleo de la presunción y, cualificando como error sustancial, procede a revocar la sentencia sobre el Art. 8 y ordena un nuevo juicio.

Varias razones nos compelen a disentir de la revocación de la infracción al Art. 8 de la Ley de Armas.

La *primera*, reconociendo la propia opinión que "[e]n el caso de autos no es necesario pasar juicio sobre el problema constitucional", huelga toda discusión al respecto. Aun así, dejamos constancia expresa de nuestras reservas sobre la conclusión de inconstitucionalidad intimada. *Pueblo* v. *De Jesús Cordero*, 101 D.P.R. 492, 501 (1973). Existen válidos razonamientos que derrotan esa contención, según se desprende de una lectura de *Ulster County Court* v. *Allen*, 442 U.S. 140, 164–167 (1979), en que el Tribunal Supremo federal sostuvo la validez de un estatuto de New York, cuyo texto es análogo al nuestro.[1]

---

[1] Las razones de orden público y de lógica que inspiraron su aprobación

*Segundo*, admitimos que el Art. 14 de la Ley de Armas, 25 L.P.R.A. sec. 424, que establece la presunción, no incluye la de transportación de un arma de fuego *cargada*, situación tipificada en el Art. 8 (25 L.P.R.A. sec. 418). En este sentido ciertamente erró la ilustrada sala sentenciadora al leer el Art. 14 y dar la impresión de que estaba incluido al impartir sus instrucciones al jurado. Sin embargo, no consideramos dicho error perjudicial.

Si, como afirma la ponencia "sobre el Art. 7, [portación de arma sin licencia la] prueba [fue] suficiente para hallar culpable al acusado fuera de duda razonable", ¿cómo es posible especular y concluir que el "jurado razonable pudo darle peso a una presunción no autorizada en este tipo de caso"? Lo contrario es lo razonable.

La prueba circunstancial concomitante y retrospectiva desfilada, (²) a saber la posesión, portación y los disparos desde el automóvil en que el apelante viajaba, lo mismo que el abandono de las armas y el intento y la frustrada huida, establece indubitadamente, sin necesidad de la presunción legislativa —sea bajo un enfoque de inferencia lógica, de mayor probabilidad, de nexo racional o de sentido común— que el arma fue transportada estando *cargada*.

Por estimar que se demostró más allá de duda razonable la culpabilidad del acusado, respetaríamos el veredicto rendido por el jurado.

---

aparecen expuestos en *People* v. *Russo*, 103 N.Y.S.2d 603 (1951); *People* v. *Lemmons*, 354 N.E.2d 836 (1970); *People* v. *De León*, 354 N.Y.S.2d 785 (1974).

(²) Recuérdese la instrucción básica y guía que orienta la función y facultad de todo jurado: "le es permitido llegar a aquellas conclusiones e inferencias razonables que estén justificadas a base de su propia experiencia y que surjan de los hechos que ustedes consideren o estimen probados". *Instrucciones al Jurado para el Tribunal Superior de Puerto Rico*, (1976), págs. 14–15.