**Hernando PAEZ, Appellant,**

v.

**Edward O'LONE, Superintendent, State Prison at Leesburg and Irwin I. Kimmelman, Attorney General for the State of New Jersey, Appellees.**

No. 84–5637.

United States Court of Appeals, Third Circuit.

Argued Sept. 9, 1985.

Decided Sept. 23, 1985.

Michael Kennedy (argued), Joseph Calluori, Gregory M. Byrne, Michael Kennedy, P.C., New York City, for appellant.

Irwin I. Kimmelman, Atty. Gen. of New Jersey, Arthur S. Safir (argued), Deputy Atty. Gen., Div. of Criminal Justice, Trenton, N.J., for appellees.

Before SEITZ, BECKER, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The petitioner, Hernando Paez, appeals from an order of the district court denying his petition for a writ of habeas corpus. This court issued a certificate of probable cause, and a timely appeal was filed.

The petitioner was convicted in the New Jersey state court on one count of possession of a controlled dangerous substance, and one count of possession of a controlled dangerous substance with intent to distribute. He was sentenced to concurrent terms of two years on the first count and ten years on the second. After unsuccessfully attacking his conviction on appeal, he commenced this action. The district court denied his petition and this appeal followed.

The petitioner contends that his conviction for possession of cocaine found concealed in a car in which he was a passenger violates due process because of the legal insufficiency of the proof of possession.

■ The district court held that the evidence presented at trial was constitutionally sufficient to prove all the elements of the offense under the rule announced in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In that case, the Supreme Court held that due process was violated if a conviction was based upon evidence so scanty that no rational trier-of-fact, viewing the evidence in the light most favorable to the prosecution, could find every essential element of the crime beyond a reasonable doubt. On appeal, our review of the district court's determination of the sufficiency of the evidence is plenary. *Sullivan v. Cuyler*, 723 F.2d 1077, 1082 (3d Cir.1983).

At the original trial, the prosecution presented the following evidence: At about one o'clock in the afternoon of December 9, 1981, a New Jersey policeman stopped a car with Florida license plates for speeding. At the time, the car was being driven by Holguer Garay, and the petitioner was asleep under a blanket on the back seat.

Garay told the officer that the car had been rented in Miami and that he had obtained possession of it two days ago. Garay was visibly nervous. The officer noticed a marijuana cigarette in the ashtray of the car. He arrested the driver and the petitioner. He then found a small quantity of marijuana and cocaine under the front seat and a Phillips-head screwdriver on the dashboard. After obtaining a search warrant, the officer found approximately four pounds of nearly pure cocaine with a street value estimated at $750,000.00 hidden behind a panel in the driver's side door. The panel was held in place by Phillips-head screws. The screws were scratched and held loosely in place. The screws in the panel on the passenger's side were also scratched, but nothing was concealed behind that panel. After presenting evidence of the officer's report and the laboratory analysis of the substances found in the car, the prosecution rested. The defense presented no evidence.

The prosecution had the burden of proving that the petitioner had constructive possession of the cocaine found hidden in the door of the car. Possession under New Jersey law is "the ability to affect physically and care for the item during a span of time." *State v. Davis*, 68 N.J. 69, 82, 342 A.2d 841, 847 (1975). Possession can be constructive rather than actual "as long as there is an intention to exercise control over [the drugs] manifested in circumstances where it is reasonable to infer that the capacity to do so exists." *State v. Brown*, 80 N.J. 587, 404 A.2d 1111, 1116 (1979).

■ As a general proposition, it is improper to infer possession from the mere presence of the defendant at the location where the narcotics are found. *State v. Brown*, 80 N.J. 587, 404 A.2d 1111, 1114 (1979). However, possession may be inferred from other circumstantial evidence such as residence at the location where the drugs were found. *Id.*

■ In the present case, based on the state's evidence, we believe that a rational jury could have found possession beyond a reasonable doubt from the circumstantial evidence. First, the jury could have in-

ferred that the driver, Garay, was involved in the cocaine smuggling operation. The presence of the screwdriver on the dashboard indicated that someone in the car knew about the cocaine behind the door panels. It was likely that the driver knew about the cocaine because he admitted to picking up the rental car in Miami and acted nervously in front of the arresting officer.

Second, the jury could infer that the petitioner was not merely a casual occupant of the car. He was found asleep covered by a blanket in the back seat at approximately one o'clock in the afternoon. From this evidence, it would be reasonable to infer that he and the driver had been traveling together for some time and that the petitioner had been up the previous night. Because of the long distances involved, it might be inferred that the petitioner had been driving the car. This inference is buttressed by the presence of the blanket. The blanket indicated that someone other than the driver planned on sleeping in the car. Rental cars do not usually come equipped with blankets, and it is difficult to drive wrapped in a blanket. A reasonable jury could infer that the blanket would probably have been unnecessary in Miami, even in December, but would have been necessary when the car reached a more northerly environment. Thus, there is evidence from which the jury could infer that the petitioner and the driver planned on shared driving from Florida to their presumed destination in New York where they lived.

Further, if the driver was aware of the cocaine, it would be a reasonable inference that he would not stop to pick up a hitchhiker or offer a ride to a stranger and then permit him to sleep on the back seat. Thus, it is inferrable that the two knew each other and had engaged in a joint venture to transport the cocaine from Florida to some northeastern state. *See Eason v. United States,* 281 F.2d 818 (9th Cir.1960). Based on all of the circumstantial evidence, a rational jury could have found beyond a reasonable doubt that the petitioner and the driver had joint possession of the cocaine. Cf. *State v. Brown,* 80 N.J. 587, 404 A.2d 1111, 1116 (1979) (possession may be joint).

The petitioner also contends that the trial court committed constitutional error in failing to instruct the jury that constructive possession may not be inferred from mere presence in an automobile. He argues that the failure to give this instruction impermissibly shifted the burden of proof on the element of possession. Even assuming that the petitioner correctly states New Jersey law, we do not believe that the failure to give the instruction violates the federal constitution. *See Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). The trial court instructed the jury that the prosecution bore the burden of proof and carefully defined "possession" within the meaning of New Jersey criminal law. The trial court properly permitted the jury to infer possession from all of the circumstantial evidence, including, but not limited to, the fact that the petitioner was found in the car. The prosecution may fulfill its burden of proving the elements of a crime through circumstantial evidence. *See e.g., Jackson v. Virginia,* 443 U.S. at 324–25, 99 S.Ct. at 2791–92.

The order of the district court will be affirmed.