205 N.J. Super. 256 (1985)
500 A.2d 749
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSE F. PALACIO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 28, 1985.
Decided November 15, 1985.
*257 Before Judges MORTON I. GREENBERG and HAVEY.
John E. Berth, Deputy First Assistant Salem County Prosecutor, argued the cause for appellant (Frank J. Hoerst, Salem County Prosecutor, attorney).
Janet S. Lawrence argued the cause for respondent.
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
A two-count indictment was returned in Salem County charging defendant, Jose F. Palacio, and Juan G. Londono, with possession of a controlled dangerous substance, cocaine, contrary to the provisions of N.J.S.A. 24:21-20(a)(1) (count one) and possession of a controlled dangerous substance, cocaine, with intent to distribute, contrary to the provisions of N.J.S.A. 24:21-19(a)(1) (count two). Defendant's case was severed for trial from that against Londono and at a jury trial defendant *258 was found guilty on both counts of the indictment. Subsequently defendant successfully moved for a judgment of acquittal. The State appeals from the order granting this acquittal. See R. 2:3-1(b).
The germane facts of the case are as follows. On July 26, 1984 at about 7:20 p.m., State Trooper Andrew Mastella stopped a vehicle driven by Londono for speeding on U.S. Route 40 in Pennsville Township, New Jersey. Defendant was a passenger in the Londono car seated in the front right seat. The trooper spoke to Londono in English and Londono responded in that language. Mastella asked Londono to produce his license and registration and when Londono pulled his license from his wallet Mastella saw what appeared to be a drug transaction slip in the wallet. Mastella ascertained that Londono was from Greenville, South Carolina.
Mastella in English asked defendant for some identification prompting defendant to hand him a Florida driver's license correctly identifying him as Jose F. Palacio. After Londono and defendant got out of the vehicle Mastella attempted unsuccessfully to question them regarding the alleged drug transaction slip. Both appeared to Mastella to be "overly nervous," and defendant, who was sweating and walking in circles, turned away from the officer when questioned.
After two other officers stopped to assist Mastella, Londono signed a consent to search form. Londono and defendant were then directed to sit on the guard rail in front of the car. It was apparent to the officers that defendant by complying with the direction demonstrated he had some command of English.
Officer Mastella conducted a search of the vehicle in the course of which he found 15 pounds of what he thought was cocaine secreted in a compartment behind the back of the rear seat. During the search defendant and Londono exhibited extreme interest in what Mastella was doing and spoke to each other in Spanish. Police laboratory tests confirmed that the *259 substance seized was cocaine. There was testimony establishing the obvious fact that the large quantity of cocaine was indicative of possession for purposes of distribution. The street value of the cocaine was approximately $960,000 or more.
Following the return of the verdict defendant made the motion for an acquittal notwithstanding the verdict. In granting the motion the judge reasoned that the State had not established the nature of defendant's relationship to Londono nor did it show how long defendant had been in the car or whether he knew of the presence of the cocaine. The judge further pointed out that the cocaine was not observable by a passenger. Thus in the judge's view the State had established nothing more than defendant's presence at the scene of the offense, an inadequate basis on which to predicate a conviction. Accordingly the judge entered an order of acquittal and this appeal followed.
The substantive principles in possession of contraband cases were set forth by the Supreme Court in State v. Brown, 80 N.J. 587 (1979). There the court reiterated the rule of State v. Sapp, 71 N.J. 476 (1976), rev'g on dissenting opinion 144 N.J. Super. 455, 460 (App.Div. 1975), that when a defendant is one of several persons found on premises where illicit drugs are discovered it may not be inferred he knew of the presence of or had control of the drugs unless there are other circumstances or statements of the defendant tending to permit such an inference to be drawn. 80 N.J. at 593-594. The court also said that possession may be constructive rather than actual and it stated physical or manual control of the proscribed item is not required as long as the defendant has an intention to exercise control over it manifested in circumstances where it is reasonable to infer that the capacity to do so exists. Id. at 597. Further several persons may share custody and it is not necessary to own an item in order to be in possession of it. Id. at 597-598.
*260 On this appeal we must determine whether, viewing the State's evidence in its entirety, direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find defendant guilty beyond a reasonable doubt of the offenses in accordance with the principles of State v. Brown, supra, 80 N.J. at 587. See State v. Martinez, 97 N.J. 567, 571-572 (1984); State v. Reyes, 50 N.J. 454, 458-459 (1967). This standard of review was recognized by the Supreme Court of New Jersey in State v. Martinez, supra, 97 N.J. at 572, as consistent with the test announced by the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560, 573 (1979) to determine whether the evidence to support a conviction is so scanty as to violate due process protections.
We are greatly assisted in our inquiry by the decision of the United States Court of Appeals for the Third Circuit in Paez v. O'Lane, 772 F.2d 1158 (1985) and thus not available to the trial judge. 772 F.2d 1158 (1985). Paez was a habeas corpus action in which the petitioner contended that his due process rights were violated because of the legal insufficiency of the proof of possession to support his conviction for possession of cocaine and possession of cocaine with intent to distribute. The facts in Paez are strikingly similar to those here. In Paez petitioner was a passenger sleeping under a blanket in the back seat of a car with Florida license plates stopped in New Jersey for speeding. The officer saw a marijuana cigarette in the car in plain view in an ashtray and later found a small quantity of cocaine and marijuana under the front seat. In addition there was a Phillips-head screwdriver on the dashboard. The police obtained a search warrant and found about four pounds of cocaine hidden behind a panel in the driver's side door. According to the Court of Appeals, for the petitioner to have been *261 convicted it was necessary for the State to establish that he had constructive possession of the cocaine hidden in the door.[1]
The Court of Appeals cited Jackson v. Virginia, supra, 443 U.S. at 307, 99 S.Ct. at 2781, 61 L.Ed.2d at 560, as establishing the standard against which the evidence was to be judged for sufficiency, applied New Jersey law as set forth in State v. Brown, supra, 80 N.J. at 587, and upheld the denial of relief to petitioner by the district court. Inasmuch as Jackson v. Virginia is consistent with the standard in Reyes and Martinez, Paez is persuasive authority. The Paez court indicated that petitioner's mere presence at the scene was not sufficient to support a finding he was in possession of the cocaine but possession could be inferred from other circumstantial evidence. The court found that evidence in the record. It pointed out that it was clearly established the driver of petitioner's vehicle was engaged in a smuggling operation and the fact that the petitioner was sleeping in the car in the afternoon under a blanket justified an inference that the driver and the petitioner were traveling together. Further it was a reasonable inference that a driver knowingly carrying the cocaine would not pick up a hitchhiker or stranger and allow him to sleep in the car.
Here, as in Paez, it may be reasonably inferred that the driver, Londono, was engaged in a smuggling operation, for a large quantity of drugs was found in a secret place in a car registered to and driven by him, and it may be reasonably thought that the registered owner of a vehicle would be aware of the creation of a secret compartment within it. Further Londono had possession of a slip that seemed to be from a drug transaction. In addition the facts that defendant when asked *262 for identification produced a Florida driver's license and Londono was from South Carolina suggest both were far from home and were traveling together. The inference that defendant and Londono were traveling together is buttressed by the fact that though both had at least some knowledge of English, in the presence of the troopers they spoke Spanish. While, of course, defendant and Londono were free to speak in any language they desired and defendant is not to be convicted simply because of his choice of language, the fact remains it is a reasonable inference that they wanted to speak privately so the police would not understand them.
Finally we point out that here, as in Paez, it could not reasonably be inferred a driver in a smuggling operation would pick up a hitchhiker or stranger. We think a smuggler with a large quantity of contraband would not invite a stranger into his car and run the risk the stranger might steal the car and, albeit unknowingly, the contraband with it. Further the fact that Londono and defendant spoke together in any language in the face of obvious difficulties with the police supports an inference they were acquainted. We think the reasonable if not compelling inferences to be drawn here are that Londono knew and trusted defendant, defendant was fully aware of the presence of the cocaine and was involved in the smuggling operation with Londono. Thus we are satisfied that the motion for acquittal should have been denied.
The order for acquittal is reversed and the verdict convicting defendant on both counts is reinstated. The matter is remanded to the Superior Court, Law Division, Salem County, for further proceedings including the imposition of sentence. This opinion is without prejudice to defendant appealing from the judgment of conviction except insofar as the principles of State v. Stewart, 196 N.J. Super. 138 (App.Div. 1984), certif. den. 99 N.J. 212 (1984) preclude relitigation of the matters decided herein. We do not retain jurisdiction.
NOTES
[1] The opinion does not indicate why the petitioner could not have been convicted solely on the basis of the marijuana and cocaine found under the seat and in the ashtray. Perhaps the quantity of cocaine under the seat would have been insufficient for a trier of the fact to infer the persons possessing it had an intent to distribute it.