216 N.J. Super. 662 (1987)
524 A.2d 864
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GREGORY SHIPP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 3, 1987.
Decided April 8, 1987.
*663 Before Judges ANTELL, BRODY and D'ANNUNZIO.
Abramowitz & Olitsky, attorneys for appellant (Alfred A. Slocum, Public Defender, attorney).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Raymond S. Gurak, Deputy Attorney General, of counsel).
The opinion of the court was delivered by ANTELL, P.J.A.D.
Defendant was a front seat passenger in an automobile driven by co-defendant Stanley Smith which was stopped for speeding on U.S. Interstate Highway 80. Co-defendant Ella Shipp, defendant's stepmother, was a passenger in the rear seat. Although Smith was able to produce a driver's license, the vehicle's registration could not be found and the three occupants were ordered out of the car. Ella Shipp had no identification on her person, but suggested that she might be able to find some in a vinyl bag which was next to her in the automobile. After checking the bag for the possible presence of a weapon, one of the troopers returned it to co-defendant Ella Shipp. While she was searching through it the trooper noted a roll of money wrapped with a rubber band and two large, white, sealed business envelopes. When he asked Ella Shipp what was in the envelopes she answered that they contained money.
Ella Shipp's search for identification papers proved unproductive, and while she was replacing her belongings in the bag the *664 troopers saw her drop the envelopes through the grate of a storm drain over which she was standing. When they called this to her attention she denied knowledge of the envelopes and said they were not hers. The envelopes were recovered from the drain and found to contain a substantial amount of heroin. It appears from statements evidently made by the three defendants after their arrest that they were traveling from New York City to Cleveland on unspecified business.
On the basis of the foregoing facts defendant, Gregory Shipp, was convicted for possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 24:21-19a(1). He was sentenced to serve a term of ten years in the custody of the Commissioner of Corrections, with a five year period of parole ineligibility, consecutive to a term he was then serving in a federal correctional institution. Defendant appeals on the claim that the evidence was insufficient to support the jury's finding of a knowing and intentional possession.
The rule applicable to a defendant's motion for a directed verdict of acquittal at the close of the State's case is well known:
... [T]he broad test for determination of such an application is whether the evidence at that point is sufficient to warrant a conviction of the charge involved. R.R. 3:7-6. More specifically, the question the trial judge must determine is whether, viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt. [State v. Reyes, 50 N.J. 454, 458-459 (1967); citations omitted].
Possession can be either actual or constructive. For constructive possession, which can be jointly shared by several persons, "[p]hysical or manual control of the proscribed item is not required as long as there is an intention to exercise control over it manifested in circumstances where it is reasonable to infer that the capacity to do so exists." State v. Brown, 80 N.J. 587, 597 (1979). Criminal possession signifies "intentional control and dominion, the ability to affect physically and care *665 for the item during a span of time," State v. Davis, 68 N.J. 69, 82 (1975), accompanied by knowledge of its character, State v. Reed, 34 N.J. 554, 557 (1961). As a "general proposition," criminal possession may not be inferred from defendant's mere presence at the location where the contraband was found. State v. Brown, supra, 80 N.J. at 593. To justify such an inference there must be "other circumstances or statements of the defendant tending to permit such an inference to be drawn." Ibid. (quoting from the dissenting opinion in State v. Sapp, 144 N.J. Super. 455, 461 (App.Div. 1975), rev'd on dissenting opinion below, 71 N.J. 476 (1976)). See also, State v. Rajnai, 132 N.J. Super. 530, 535-536 (App.Div. 1975).
In State v. Lewis, 93 N.J. Super. 212 (App.Div. 1966), cert. den., 386 U.S. 986, 87 S.Ct. 1297, 18 L.Ed.2d 238 (1967), we considered defendant's appeal from his conviction for carrying a concealed weapon. N.J.S.A. 2A:151-41, the statute under which the charge was brought, declared it to be a misdemeanor for any person to carry a firearm in any automobile or concealed on or about his clothes or person or otherwise concealed in his possession. N.J.S.A. 2A:151-7 further provided that "[t]he presence of a firearm * * * in a vehicle is presumptive evidence of possession by all persons occupying the vehicle at the time." The proofs in that case were that a gun was found in a jacket on the front seat of a car in which defendant and six others had been riding. The jacket was not shown to belong to defendant, who had been sitting in the back seat. Assuming the facial constitutionality of the latter statute, we held that it would be an unconstitutional construction thereof to hold that "the mere unexplained presence of a gun concealed in a coat worn by or belonging to one passenger justifies the conviction of another passenger of unlawful possession." Id. at 214. Since no other evidence of possession was shown, the judgment of conviction was, as the Supreme Court approvingly noted in State v. Humphreys, 54 N.J. 406, 413 (1969), "properly reversed."
*666 The naked facts before us are that the heroin was contained in two sealed, unmarked envelopes which, in turn, were secreted in a vinyl bag resting on the back seat of the automobile next to Ella Shipp. The bag contained other items belonging to her and to all appearances it was her bag. Like the jacket in State v. Lewis, supra, it was not shown to belong to defendant. We conclude that defendant's presence in the automobile under the circumstances recited does not suffice to authorize an inference that he was sharing in the intentional control and dominion over the contraband material.
The State argues that the necessary evidential support for the advocated inference lies in the family relationship between defendant and Ella Shipp and the fact that the three co-defendants were travelling together from New York City to Cleveland, emphasizing the probability that the three must have been discussing the contents of Ella Shipp's bag. Mere knowledge, without more, on the part of one automobile passenger that a co-passenger is carrying illicit drugs does not constitute the former a co-possessor. Moreover, we conclude that the likelihood of Ella Shipp's having told defendant that she was carrying approximately a half million dollars worth of heroin in her bag is too speculative to support a finding beyond a reasonable doubt that defendant was a participant in the criminal enterprise. The fact that defendant was Ella Shipp's stepson adds nothing to the State's proof that defendant was a knowing and intentional possessor of the heroin. Compare Blount v. State, 181 Ga. App. 330, 352 S.E.2d 220, 233 (Ga.Ct. App. 1986). Indeed, members of the same family commonly travel together in the same automobile, and the fact that these two were together on this occasion is no more consistent with the proposition that defendant was a participant in Ella's criminal enterprise than that he was not.
The State's reliance on Paez v. O'Lone, 772 F.2d 1158 (3d Cir.1985) and State v. Palacio, 205 N.J. Super. 256 (App.Div. 1985) is misplaced. Although in those cases defendants, who were passengers in automobiles which had been stopped on the *667 highway, appealed their convictions for unlawful possession of narcotics, there the similarity to this case ends. For one thing, the contraband was found not in the personal possession of a co-defendant, but in a hidden compartment behind the rear seat in Palacio and behind a door panel in Paez. As we said in State v. Rodriguez, 141 N.J. Super. 7, 12 (App.Div. 1976), certif. den., 71 N.J. 495 (1976), since it was "in the possession of no one occupant more than any other (contrast, e.g., State v. Lewis, 93 N.J. Super. 212 (App.Div. 1966), cert. den., 386 U.S. 986, 87 S.Ct. 1297, 18 L.Ed.2d 238 (1967)), the case presented a jury question."
Moreover, the result reached in Palacio was critically dependent on the fact that defendants therein, though conversant with English, spoke to each other in Spanish when the police were present. In the mind of the court this weighed heavily enough so as to authorize the "reasonable inference that they wanted to speak privately so the police would not understand them." 205 N.J. Super. at 262. We find in the case before us no comparable proof of such conspiratorial purpose.
Reversed.