273 N.J. Super. 192 (1994)
641 A.2d 567
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TODD B. MILLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 26, 1994.
Decided May 19, 1994.
*194 Before Judges SKILLMAN, KESTIN and WEFING.
Susan L. Reisner, Acting Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).
John J. Fahy, Bergen County Prosecutor, attorney for respondent (John J. Scaliti, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant appeals from his convictions for first degree possession of cocaine with intent to distribute and third degree possession. Our review of the record and the arguments advanced discloses that the State's proofs were inadequate to establish defendant's constructive possession of the drugs. Defendant's R. 3:18-1 motion for a judgment of acquittal should, therefore, have been granted. His convictions must, accordingly, be reversed.
This defendant was the front seat passenger in an automobile under the hood of which the police found a white plastic bag containing a brick of cocaine weighing more than 500 grams (17.7 ounces). The car had been stopped for exceeding the speed limit and another motor vehicle infraction. The police saw the plastic bag through the hood vent after discovering, in plain view when the glove compartment was opened by the driver, a box containing *195 a scale with apparent drug residue in its bowl. The box had a label reading "twin beam gram scale".
We have today affirmed the codefendant's convictions because the circumstances placed him, as the driver in control of the car, in actual possession of the cocaine; and established facts from which a jury might fairly infer knowing possession, as the jury in this case did. State v. Binns, 222 N.J. Super. 583, 537 A.2d 764 (App.Div.), certif. denied, 111 N.J. 624, 546 A.2d 540 (1988).
This defendant was in an entirely different position, however. The fact that he was the front seat passenger was, by itself, insufficient to establish any fair inference of intentional dominion and control. Few other facts were shown by the State's proofs that had any capacity to establish a direct connection between this defendant and the cocaine. All that remained on the level of defendant's personal involvement with the drugs were the implications which arose from defendant having become nervous, agitated, shaking and upset when one of the state troopers discovered the bag of apparent cocaine under the hood, and from the discovery of $678 in cash on his person at the time of arrest.
A defendant's mere presence at a location where illicit drugs are discovered does not permit an inference that he knew of and had control over the drugs so as to be guilty of possession. State v. Brown, 80 N.J. 587, 593, 404 A.2d 1111 (1979). Nevertheless, other attendant circumstances or statements of the defendant may permit such an inference to be drawn when considered together with his presence. State v. Palacio, 111 N.J. 543, 550-52, 545 A.2d 764 (1988). Such matters are fact-sensitive, Id. at 557, 545 A.2d 764 (Stein, J., dissenting), and require close analysis.
The facts in this case are a far cry from those in Palacio, supra, on the basis of which five members of the Supreme Court concluded that sufficient facts existed to support a finding of constructive possession based on an inference of knowing possession. The defendant there did not respond to a question asked by the state trooper but, instead, turned and walked away. Id. at 545, 545 *196 A.2d 764. The defendant "was sweating, moving in circles, and appeared, in [the state trooper's] opinion, to be `overly nervous'." Ibid. "[F]rom ... the guardrail along the highway [as the state trooper began to search, the] ... defendant ... kept looking at the car, focusing on [the state trooper] and the rear of the car during the search." Ibid. Further, during the search, the codefendants conversed in Spanish as if to conceal their conversation from the troopers on the scene, id. at 546, 545 A.2d 764; and the fact that they conversed also suggested that they knew each other. Id. at 552, 545 A.2d 764.
The Supreme Court viewed the totality of these circumstances as sufficient to generate inferences a) of the defendant's guilty knowledge concerning the presence of drugs; b) that the defendant knew and was involved with the codefendant driver; and c) "that the two had travelled together for a considerable distance  both apparently living or having residential addresses in the South." Ibid. There was enough in sum, the Court held, to support the ultimate inference that the defendant was a knowing participant with a drug smuggler (the codefendant) who was carrying a very large quantity of drugs and could be expected to travel with a knowledgeable companion and not an innocent passenger or stranger. Id. at 554, 545 A.2d 764.
In reaching its conclusion concerning the permissibility of the several inferences, the Supreme Court in Palacio was closely focused on the particular circumstances at hand, meticulously drawing factual distinctions between the facts before it and those extant in State v. Shipp, 216 N.J. Super. 662, 524 A.2d 864 (App. Div. 1987). Viewing Palacio and Shipp as opposite sides of a fine line between fact considerations concerning automobile passengers which separates permissible inferences of knowing possession from those that are impermissible, we see the features of this case to be closer to those in Shipp than to those in Palacio. See State v. Whyte, 265 N.J. Super. 518, 628 A.2d 340 (App.Div. 1992), aff'd o.b., 133 N.J. 481, 628 A.2d 287 (1993).
*197 The fact that the drugs here were partially concealed is of no great significance. State v. Whyte, supra, 265 N.J. Super. at 521-22, 628 A.2d 340. That type of consideration, as presented in the circumstances of this case, does not engender as close a question as was before us in Whyte. Defendant here, though a passenger in the same vehicle in which the drugs were found, was not even within easy reach of the drugs in the sense of immediacy of control, as were the defendants in Whyte. Ibid. Just as the defendants in Whyte, nothing this defendant did could reasonably be seen as furtive or suspicious. A person may understandably become nervous, agitated, shaking and upset upon learning that the police have discovered a large quantity of apparent drugs in the automobile in which he had been riding moments earlier. Such a reaction, by itself, or taken together with the cash found on defendant's person, signifies little.
As we noted in Whyte:
[t]here is no other fact here indicating the passengers' knowledge that the van contained contraband, no less that they were co-possessors of it. In sum, while there may be a fine line between Palacio and Shipp, we are persuaded that this case is on the Shipp side of it. There is a world of difference between speculation and legitimate inference, and we conclude that the convictions here rested on speculation.

[Id. at 525, 628 A.2d 340.]
With nothing further upon which an inference of knowing possession might permissibly be drawn, defendant was entitled to a favorable ruling on his motion for a judgment of acquittal.
The judgment of conviction is reversed. The matter is remanded to the trial court for entry of a judgment acquitting defendant on both charged counts.