143 N.J. Super. 65 (1976)
362 A.2d 626
STATE OF NEW JERSEY, PLAINTIFF,
v.
DIANE SINGLETON AND JAMES BROWN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued June 11, 1976.
Decided June 30, 1976.
*66 Mr. Joseph Ippolito for the plaintiff (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, Attorney.)
Mr. Richard Barone for the defendant, Diane Singleton.
Mr. Bruno Mongiardo and Mr. Salim J. Balady for the defendant, James Brown. (Mr. Terrence P. Corcoran, Deputy Public Defender.)
JOELSON, A.J.S.C.
This is a motion to dismiss an indictment. It is based upon "the grounds of double jeopardy, collateral estoppel and compulsory joinder."
The essential facts are not in dispute. On August 6, 1975 complaints were filed against defendants in Newark Municipal Court, charging that each conspired with the other in the City of Newark to defraud Bamberger's Department Store. Upon their arraignments in the Newark Municipal Court on August 15, 1975 defendants applied for admission to the pretrial intervention program in accordance with R. 3:28. The application was apparently referred to the judge in Essex County assigned to the pretrial intervention program and to the prosecutor in conformity with R. 3:28.
Subsequently, on October 31, 1975 defendants' counsel was notified by letter from the Essex County Prosecutor's office that the defendants had been accepted by the prosecutor for a first adjournment pursuant to R. 3:28 with the approval of the appropriate designated judge. The letter added that "restitution has been stipulated." Defendants have apparently successfully completed the pretrial intervention program and made restitution despite the fact that the Newark complaints charged conspiracy only, and not the actual defrauding.
*67 On February 19, 1976 defendants were indicted in Passaic County for conspiracy, making a forged instrument and uttering a forged instrument. The place of the alleged offenses was stated to be in the Bamberger's store in Wayne Township in Passaic County. The assistant prosecutor who opposed this motion readily conceded at oral argument that the conspiracy charged in the Passaic County indictment was the same one involved in the Newark complaints, and he also stipulated that the substantive offenses charged in Passaic County would be identical with the overt acts which would have been proved in the Newark conspiracy complaints, had those complaints ever gone to trial.
It should also be noted that defendants allege that on August 15, 1975, which was the same date that they had been scheduled for arraignment in the Newark Municipal Court, their attorney wrote to the Passaic County Prosecutor, notifying that office that the Wayne Township complaints would soon arrive. A copy of that letter was attached to the brief. It advised that "the Newark Municipal Court has authorized the matter to proceed under R. 3:28 subject to the approval of the Prosecutor of Essex County." The attorney then added: "If he approves, I would hate to see this situation collapse as a result of the outstanding charge stemming from the very same incident. Is there any thing that can be done in Passaic County concerning this?" The prosecutor's office has informed the court that it has no record of this letter ever having been received or answered, nor does it have any record of follow-up phone calls which defendants' attorney says he made.
The State conceded at oral argument that if the defendants had gone to trial on the Essex County complaints, the Passaic County indictment would have to be dismissed under the rule of collateral estoppel established in State v. Cormier, 46 N.J. 494 (1966), and State v. Gregory, 66 N.J. 510 (1975). Furthermore, it seems clear that if defendants had pleaded guilty in Essex County pursuant to a plea bargain, the Passaic County Prosecutor would likewise *68 be barred. State v. Thomas, 61 N.J. 314 (1972); State v. Jones, 66 N.J. 524 (1975). The latter case demands that "the terms and conditions of a plea bargain must be meticulously carried out." The former stresses the necessity that the State should "not disappoint a defendant's reasonable expectations," adding that "essential fairness" so dictates.
The question which the court must now decide is whether it should make a difference that the defendants did not enter into a plea bargain in Essex County, but rather participated in a pretrial intervention program. It is true that defendants did not plead guilty in Essex County, but by voluntarily submitting themselves to the probationary aspects of pretrial intervention and by making restitution to Bamberger's, were not their "reasonable expectations" that upon successful completion of the program, their exposure to trial would be at an end? The court is of the opinion that those were their reasonable expectations, and that to compel them to stand trial now in Passaic County would be a denial of essential fairness.
It is immaterial whether or not the Prosecutor's office of Passaic County received the letter or phone call from defendants' attorney. When the defendants participated in the Essex County pre-trial intervention program and made restitution thereunder, they were entitled to expect surcease from prosecution for the episode. A situation such as now faces the Court can best be avoided by a prosecutor joining in a single trial multiple offenses based on the same conduct or arising from the same criminal episode. State v. Gregory, supra. The fact that the episode includes conduct in two counties is no obstacle to a single trial as R. 3:14-1(a) specifically permits a prosecution in one county under such circumstances.
The indictment will be dismissed.