STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
LEON PHILLIPS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 3, 1977—Decided May 13, 1977.

Before Judges LORA, CRANE and MICHELS.

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for appellant (*Ms. Andrea R. Grundfest,* Assistant Prosecutor, of counsel and on the brief).

*Mr. Stanley C. Van Ness,* Public Defender, attorney for respondent (*Mr. Stanford M. Singer,* Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM. The State appeals as a matter of right from an order of the Law Division dismissing an indictment against defendant charging that on the 27th day of September 1974 he distributed a controlled dangerous substance, heroin, to an undercover police officer, in violation of *N. J. S. A.* 24:21–19 a(1). Defendant had previously been indicted for possession of heroin and possession of heroin with intent to distribute on the same date, namely September 27, 1974. That indictment was dismissed on motion of the prosecutor after a motion to suppress evidence was granted with relation to the heroin seized at defendant's apartment which was the subject matter of the first indictment.

The trial judge found that at the time of the return of the first indictment charging possession and possession with intent to distribute, both the prosecutor and defendant had knowledge of the facts relating to the distribution which immediately preceded the search and seizure. Relying on *State v. Gregory,* 66 *N. J.* 510 (1975), the judge held that the State was compelled to join all of the offenses it intended to prosecute and that basic fairness as well as defendant's reasonable expectations required that the indictment for distribution of heroin be dismissed.

We disagree. *State v. Gregory,* upon which the judge relied, involved a conviction for possession of heroin with intent to distribute followed by a later indictment for distribution of heroin which allegedly occurred at or about the same time as the possession charge. It is apparent from reading the opinion in *Gregory* that the court was strongly influenced by basic principles of double jeopardy law although it preferred to rest its decision on broad concepts of fundamental fairness. In our view, neither the principles of double jeopardy nor those of fundamental fairness are involved here. Defendant has not been convicted of the initial possession charges. Those were dismissed after the suppression motion was decided adversely to the State. No disposition on the merits has taken place. In *State v. Godfrey,* 139 *N. J. Super.* 135 (App. Div. 1976), cited by defendant, an indictment was returned for bringing a stolen car into the State of New Jersey after the defendant in that case had been tried and acquitted of the charge of receiving the stolen car in New Jersey. We held, following *Gregory, supra,* that concepts of fundamental fairness had been violated. In that case, once again, a disposition on the merits was involved.

The order suppressing the evidence seized by the State in defendant's apartment, upon which the possession charge was based, in no way affected the State's ability to prosecute defendant for the earlier distribution. Nor, can it be said that the order of suppression gave rise to any reasonable expectation on the part of defendant that he would not be prosecuted for distribution. We find no harassment or oppression such as existed in *Gregory* or *Godfrey,* and no justification for invoking the drastic remedy of dismissal. See *State v. Vinegra,* 134 *N. J. Super.* 432, 438 (App. Div. 1975), certif. granted 68 *N. J.* 498 (1975).

Reversed.