180 N.J. Super. 267 (1981)
434 A.2d 668
STATE OF NEW JERSEY, PLAINTIFF,
v.
SALVATORE ANTIERI, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided March 30, 1981.
*268 Robert D. Clarke, Assistant Prosecutor, for the State (David Linett, Prosecutor, Somerset County, attorney).
Michael R. Justin, for defendant.
IMBRIANI, J.S.C.
When does the mandatory joinder rule, R. 3:15-1(b), bar a second trial?
Defendant and Evon Easton were indicted for conspiracy to defraud Allstate Insurance Company. Evon Easton, alone, was also charged with attempting to obtain money by false pretenses, giving false information to law enforcement officers and misconduct in office. A jury found Evon Easton not guilty of misconduct in office, but was unable to reach a verdict on the remaining charges.
*269 Thereafter, a second indictment was returned against defendant, Evon Easton and a third person, Donald Clements, charging them with conspiracy to defraud Allstate Insurance Company, and against only defendant and Evon Easton with attempting to obtain money by false pretenses and giving false information to law enforcement officers. All of the charges in the second indictment allegedly occurred between May 1, 1977 and March 1, 1979, the same period as that in the first indictment.
Subsequently the first indictment was dismissed on application of the State, Donald Clements obtained a dismissal of the second indictment as to him on motion, and Evon Easton was granted admission to the pretrial intervention program.
Only defendant now faces trial on the second indictment. He moves for dismissal on the basis of R. 3:15-1(b), which provides:
(b) Mandatory Joinder. ... a defendant shall not be subject to separate trials for multiple indictable offenses based on the same conduct or arising from the same criminal episode or transaction if such offenses are known to the appropriate prosecuting attorney at the time of the commencement of the first trial.
The mandatory joinder rule was adopted July 29, 1977 and made effective September 6, 1977. Its genesis is State v. Gregory, 66 N.J. 510 (1975), which said:
In the civil field we have long required that the entire controversy be disposed of in a single proceeding and we have not hesitated to bar a second proceeding by a party who unfairly withheld a fragment of his claim for a later proceeding. See Falcone v. Middlesex County Med. Soc., 47 N.J. 92 (1966). There would seem to be even more reason for this approach in the criminal field. [At 518].
Gregory was indicted for the sale of heroin, tried and convicted. Subsequently he was charged in a second indictment with possession of heroin and possession of such heroin with intent to distribute. The heroin in the second indictment was seized the same day as when the sale in the first indictment occurred, but did not include the heroin involved in the sale. Double jeopardy and collateral estoppel principles were held to be inapplicable (because the heroin relating to the sale was carefully excluded from the second trial), but the court adopted the recommendations of the American Law Institute's Model Penal Code, § 1.07(2), and barred a second trial "where the prosecuting *270 attorney knows of the [other] offenses when he begins the first trial." (At 519). However, "the precise contours and details of the compulsory joinder rule ... [is] left to our Criminal Practice Committee for ultimate consideration". (At 522).
Four cases that followed could not set the contours. In State v. Godfrey, 139 N.J. Super. 135 (App.Div. 1976), defendant was acquitted of receiving a stolen motor vehicle, in violation of N.J.S.A. 2A:139-3. A later indictment for bringing the same stolen motor vehicle into New Jersey, in violation of N.J.S.A. 2A:119-9, was dismissed on the grounds of both double jeopardy and fundamental fairness. In State v. Singleton, 143 N.J. Super. 65 (Law Div. 1976), defendants were charged in Essex County with conspiracy to defraud Bamberger's and admitted into the pretrial intervention program which they successfully completed. Subsequently they were reindicted in Passaic County for conspiracy to defraud Bamberger's, making a forged instrument and uttering a forged instrument. The State conceded that the conspiracies involved in both indictments involved the same events and the forgery counts were identical with the overt acts in the conspiracy count. The court held that while there was not a disposition on the merits because defendants did not stand trial or enter into a plea bargaining agreement in Essex County, "to compel them to stand trial now in Passaic County would be a denial of essential fairness". (At 68).
In State v. Moore, 147 N.J. Super. 490 (App.Div. 1977), defendant, a fugitive in Virginia, was indicted in 1967 for carnal abuse. When he returned to New Jersey the indictment was dismissed for lack of a speedy trial. A year later three new indictments were returned (all based upon the same episode which formed the basis of the 1967 indictment) charging atrocious assault and battery, threat to kill and impairing the morals of a child. Motions to dismiss the indictment were denied and defendant was found guilty by a jury. The convictions were reversed "under considerations of fairness in the constitutional sense." (At 499).
*271 In State v. Phillips, 150 N.J. Super. 75 (App.Div. 1977), charges of possession of a controlled dangerous substance and possession of same with intent to distribute were dismissed on motion of the State after defendant successfully moved to suppress some of the drugs seized. Thereafter, defendant was reindicted for possession of other drugs seized immediately prior to the illegal search and seizure. The second indictment was upheld because there had not been a disposition on the merits in the first case.
Thus there appeared to have existed in 1977 a disagreement of the precise contours of Gregory. Phillips applied the mandatory joinder rule only when there was a disposition on the merits; Singleton and Moore did not. It was at this juncture in 1977 that R. 3:15-1(b) arrived. It prohibits multiple trials only if the additional charges were "known to the appropriate prosecuting attorney at the time of the commencement of the first trial". But what is meant by the phrase "at the time of the commencement of the first trial"? Does it literally mean what it says, or does it really mean at a trial in which there is a disposition on the merits?
Since the court rule is intended to avoid multiple litigation and promote the concept of fundamental fairness, it should be strictly construed. If the rule was intended to be applied only to a trial in which there was a disposition on the merits, it could have said so very easily. We must assume that the Supreme Court meant exactly what it said. If the prosecutor knew of other offenses "at the time of the commencement of the first trial," he may not thereafter subject the defendant to another trial on other offenses which were known to him when the first trial commenced, regardless of whether there was a disposition on the merits on the first case.
A case should be deemed to have commenced when double jeopardy in a constitutional sense attaches, i.e., in a jury trial when a jury is empaneled and sworn, Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), and in a nonjury trial, when the first witness has been sworn. Serfass *272 v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).
Such a procedure will not prejudice the State. When the first trial commences all discovery has been completed and the State knows or should know if other offenses exist. The State will have to elect either to go forward with the trial and waive bringing other charges against the defendant, or, if it wishes to proceed on the other charges, to dismiss the first indictment and seek another indictment which will contain the other offenses or obtain an adjournment of the trial to seek another indictment which could be consolidated for a single trial. In this case the State knew or should have known of the additional offenses prior to the commencement of the first trial.
The charges of attempting to obtain money by false pretenses and giving false information to law enforcement officers shall be dismissed. But the conspiracy charge rests upon a different footing. Since the jury was unable to reach a verdict on the conspiracy charge, a retrial is permitted. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429 (1892). Does it make any difference that the conspiracy charge is now embodied in another indictment? It should not. The court can conceive of no prejudice or harm to defendant. R. 3:15-1(b) does not say that a defendant cannot be reindicted. It only says that the defendant shall not be subjected to separate trials "for multiple indictable offenses" known to the "prosecuting attorney at the time of the commencement of the first trial" but not contained in the first indictment. The conspiracy charge was in the first indictment.
The mandatory joinder rule deals with offenses, not indictments. There is no rational reason to bar the retrial of an offense when a jury in an earlier case was unable to reach a verdict merely because it is contained in a new indictment.
The motion to dismiss the second and third counts charging defendant with attempting to obtain money by false pretenses and giving false information to law enforcement officers is *273 granted and the motion to dismiss the first count charging conspiracy is denied.