186 N.J. Super. 20 (1982)
451 A.2d 189
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SALVATORE ANTIERI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1982.
Decided June 24, 1982.
*21 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Michael R. Justin argued the cause for appellant and on the brief.
Daniel Louis Grossman, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey; Daniel Louis Grossman of counsel and on the brief).
PER CURIAM.
Defendant was indicted for conspiracy to defraud Allstate Insurance Company (Allstate) by falsifying ownership records of a nonexistent boat and trailer and making false reports of the theft of both. Evon Easton, a codefendant, was indicted on the same charge as well as charges of attempting to obtain money *22 by false pretenses, misconduct in office[1] and giving false information to law enforcement officers. The first jury trial resulted in Easton's acquittal on the charge of misconduct. When the jury was unable to reach a verdict, mistrials were declared regarding the other charges and regarding the charge against defendant for conspiracy. See State v. Antieri, 180 N.J. Super. 267, 268 (Law Div. 1981).
The Somerset County grand jury subsequently returned another indictment charging defendant, Easton and Donald Clements in the first count with the same conspiracy to defraud Allstate. Although the original indictment did not contain the names of coconspirators other than defendant and Easton, it had identified Clements as a person who wrote the document evidencing ownership of the boat involved. In the second indictment Clements and Easton[2] were both indicted and named as coconspirators.
Counts 2 and 3 of the second indictment charged defendant and Easton with attempting to obtain money by false pretenses and giving false information to law enforcement officers. The first indictment was dismissed on the motion of the prosecutor. Clements moved to dismiss the second indictment as to him, and it was dismissed without prejudice. Defendant moved to dismiss the second indictment against him on the grounds that R. 3:15-1(b) barred trial for the additional charges contained in counts 2 and 3 of the indictment and prohibited the addition of Clements as a coconspirator in the first count. The trial judge dismissed the additional charges as barred by R. 3:15-1(b). See State v. Antieri, supra, 180 N.J. Super. at 272.
In June 1981 defendant pleaded guilty to conspiracy in return for an agreement by the prosecutor to recommend a noncustodial sentence. As we understand it, defendant claims he was also *23 to cooperate in a narcotics investigation. The prosecutor subsequently withdrew the plea agreement and defendant's motion for specific enforcement of that agreement was denied. He was allowed to reinstate his not guilty plea.
After a jury trial defendant was found guilty of conspiracy to defraud Allstate. He was sentenced to a term of not less than two nor more than three years in State Prison. On this appeal defendant contends:
1) Where subsequent to the commencement of the first trial, the prosecutor improperly represented the case to the Grand Jury for the malicious purpose of joinder of additional charges and allegations of conspiracy with an additional defendant in a superseding indictment, the entire indictment including the first count alleging conspiracy should have been dismissed below.
2) Where the defendant alleged a breach of a plea agreement based upon cooperation in an undercover investigation, the trial court erred in summarily denying his application for referral of the investigation to the New Jersey State Attorney General's Office or specific performance of the plea agreement, or both.
3) The trial court erred in several evidentiary rulings which had the cumulative effect of denying the defendant a fair trial.
4) The trial court erred in admitting into evidence the October 1977 conversation of Joanne Sehein concerning defendant's attempt to solicit her participation in a fraudulent insurance claim without limiting instructions.
5) The trial court erroneously charged the jury as to the applicable law of conspiracy by limiting the knowledge and intent requirements to the acts of defendant, without extending such proof to the acts of other members of the alleged conspiracy.
Based on the record, the jury could well have found the following facts beyond a reasonable doubt. In the summer of 1977 defendant registered a 24-foot boat referred to as a 1977 Sea Ray, in the name of his then fiancee, Joanne Sehein. In October 1977 defendant asked her to report it as stolen, and he informed her for the first time that he actually owned no boat. She refused to comply with his request to report the false claim of theft. After an argument with defendant over his request she ended her relationship with him. Subsequently, documents were presented to the Division of Motor Vehicles to transfer registration of the boat to Easton. In August 1978 defendant and Easton obtained a policy of insurance from Allstate for the *24 phantom boat, trailer and miscellaneous accessories. The boat was valued at $18,000 in the policy and the trailer and accessories at $2,800. In November 1978 the police were called to the Easton residence to investigate the theft of a boat. The police officers were told by defendant that he had parked the boat and trailer there the previous night and that it was gone when Easton woke up the following morning. The officers found no evidence of a boat being parked in the area. Easton's mother never saw the boat or trailer and her daughter never mentioned the theft to her. Easton reported the boat and trailer theft to Allstate.
According to the testimony of Sea Ray boat company's assistant comptroller, a search of the company's records revealed no serial number identical to the one under which the boat had been registered. Defendant complained because that witness did not produce any records or photocopies of records in court. But see, Evid. R. 63(14) and 4 Wigmore, Evidence (Chadbourn rev. 1972), § 1244 at 579-580.
In seeking dismissal of the second indictment, defendant relies on Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Defendant argues that the differences between the indictments are sufficient to show the likelihood of prosecutorial vindictiveness and that the prosecution of the indictment therefore constituted a violation of due process. A new trial after a mistrial which results from the jury's inability to reach a verdict does not itself establish prosecutorial misconduct. We find no merit in defendant's argument. R. 2:11-3(e)(2). We are also satisfied that the addition here of the name of another coconspirator to the first count of the new indictment which was otherwise virtually identical to the original indictment and alleged the same overt acts, neither increased the number of offenses charged nor the potential penalty. We also conclude that R. 3:15-1(b) does not require dismissal here. The addition of Clements as a coconspirator, a person named in the original indictment in the itemization of overt acts, neither *25 changed the substantive nature of the offense nor charged a different offense. Thus, defendant was not subjected to the piece-meal litigation which is prohibited by the Rule. See State v. Gregory, 66 N.J. 510, 521-522 (1975). We are satisfied that regardless of the number of coconspirators, only one and the same conspiracy was charged in both indictments.
Defendant argues that the trial judge improperly failed to order specific performance of the rejected plea agreement. There is nothing in the record which indicates that there was any impropriety in the prosecutor's withdrawal of the plea agreement. Furthermore, a trial judge may reject the agreement if he determines that the interests of justice will not be served thereby. R. 3:9-3(e). The trial judge's reasons for sentencing refer to defendant's prior convictions and unsatisfactory probation record. Those reasons not only support his exercise of sentencing discretion but his rejection of the proposed plea agreement as well.
We have considered defendant's remaining contentions in light of the record and the arguments of counsel and conclude that they are all without merit. R. 2:11-3(e)(2).
Affirmed.
NOTES
[1] She was a secretary in the Franklin Township Police Department.
[2] Easton had been admitted to the pretrial intervention program. See State v. Antieri, supra, 180 N.J. Super. at 269.