STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WALTER JAMES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 6, 1984—Decided June 21, 1984.

Before Judges MATTHEWS, J.H. COLEMAN and GAUL-KIN.

*Christopher H. Riley, Jr.,* attorney for appellant.

*Kenneth A. Pagliughi,* Cumberland County Prosecutor, attorney for respondent (*Jonathan G. Williams,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Defendant appeals by leave granted (*R.* 2:2–4) from an order denying his motion to dismiss the indictment. He urges that the prosecution is barred because he has already been tried and acquitted of the same or similar charges.

In October 1981, defendant commenced selling advertising to local merchants in Cumberland, Salem, Camden and Atlantic Counties. His plan was to sell advertising space on sheets which included coupons from an "anchor advertiser," who would distribute most of the approximately 20 to 25 thousand handbills to be printed. A number of sales were made, usually at $260 each. The merchants were told that the brochures would be delivered by January 15, 1982; that deadline passed and a later date was fixed. When that date passed, some merchants complained and a State Police investigation was commenced.

Four indictments were returned in Salem County charging defendant with a total of six counts of theft (*N.J.S.A.* 2C:20-4; *N.J.S.A.* 2C:20-9) from named merchants on November 12, 1981 and January 7, 1982. The present indictment, returned in Cumberland County, charges defendant in 76 counts with similar thefts from other named merchants between October 30, 1981 and February 18, 1982.

Defendant was apparently arrested in August 1982 and committed to the Salem County Jail awaiting trial. By letter dated November 9, 1982 he addressed the following request to the Cumberland County Prosecutor:

> I beg of you to exercise the power of your office and transfer all matters concerning me before you to the Salem County jurisdiction so everything can be handled at one time in one trial.

The record does not indicate any response to that request.

Defendant was tried on the Salem County indictments in three successive trials between April and July 1983. He was acquitted in the first two trials, but in the third he was convicted of one count of theft; that conviction, we are told, is presently on appeal. Defendant then moved to dismiss the Cumberland County indictment on grounds that he had been prosecuted "for a violation of the same provision of the statutes based upon the same facts," and that the former prosecution

"bars the present prosecution." He now appeals from the denial of that motion.

*N.J.S.A.* 2C:1–8(b) directs that

... a defendant shall not be subject to separate trials for multiple criminal offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction and venue of a single court.

The State does not dispute that the Cumberland County offenses were known "to the appropriate prosecuting officer" at the time of the commencement of the first Salem County trial, that all the offenses arise from "the same episode," or that they were "within the jurisdiction ... of a single court." The State argues only that *N.J.S.A.* 2C:1–8(b) is not a bar to the Cumberland County prosecution because "proper venue for the Salem County charges was not in the Cumberland County Superior Court and conversely the Cumberland County charges were not properly laid in the Salem County Superior Court."

The argument is unpersuasive. *R.* 3:14–1 directs that an offense "shall be prosecuted in the county in which it was committed," except that "if an offense is committed in several counties prosecution may be had in any of such counties." *R.* 3:14–1(a). *R.* 3:7–6 permits two or more offenses to be charged in the same indictment if they are "based on the same act or transaction" and *R.* 3:15–1(a) permits two or more indictments to be tried together if the offenses "could have been joined in a single indictment or accusation." And *R.* 3:15–1(b) tracks the language of *N.J.S.A.* 2C:1–8(b) in mandating joinder of offenses "arising from the same criminal episode or transaction if such offenses are known to the appropriate prosecuting attorney at the time of the commencement of the first trial." Our rules thus not only permit but require all charges here to be joined in a single venue, which could have been either Salem County or

Cumberland County.[1]  Since the charges brought in Salem and Cumberland Counties were thus within the venue of a single court, the bar of *N.J.S.A.* 2C:1–8(b) and *R.* 3:15–1(b) must be applied.  See *State v. Gregory,* 66 *N.J.* 510 (1975); *State v. Antieri,* 180 *N.J.Super.* 267 (Law Div.1981), aff'd 186 *N.J.Super.* 20 (App.Div.), certif. den. 91 *N.J.* 546 (1982); *State v. Singleton,* 143 *N.J.Super.* 65 (Law Div.1976); compare *State v. Phillips,* 150 *N.J.Super.* 75 (App.Div.), certif. den. 75 *N.J.* 523 (1977); *State v. Tamburro,* 137 *N.J.Super.* 51 (App.Div.1975).

The order under review is reversed.  The matter is remanded to the Law Division for entry of an appropriate order dismissing the indictment.

---

[1]We note that the State, in apparent disregard of the position it urges here as to "proper venue," charged defendant in the Cumberland County indictment with the commission of 14 offenses in Atlantic and Camden Counties.