206 N.J. Super. 551 (1985)
503 A.2d 346
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GIOVANNI MUSCIA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 4, 1985.
Decided December 23, 1985.
*552 Before Judges O'BRIEN, SIMPSON and SCALERA.
Joseph A. Falcone, Passaic County Prosecutor, attorney for appellant (Gary H. Schlyen, Senior Assistant Prosecutor, of counsel and on the brief).
No brief was filed on behalf of respondent.
The opinion of the court was delivered by SIMPSON, J.A.D.
This is an appeal by the State of a May 20, 1985 order dismissing Passaic County Indictment 1143-84 that was handed up by the Grand Jury on December 7, 1984 and charged defendant with three counts of the third-degree crime of theft by receiving stolen motor vehicles (a 1981 Mercury Capri, a 1979 Ford Mustang, and a 1980 Dodge Omni) in April 1984, in violation of N.J.S.A. 2C:20-7 and N.J.S.A. 2C:20-2b.(2)(b). No timely brief was filed by defendant prior to an October 1, 1985 order precluding filing, but the State's appendix to its brief includes defendant's brief and materials submitted to the trial judge on his motion to dismiss the indictment. In his oral decision of May 3, 1985 the judge concluded that a separate trial on this indictment was precluded by a prior trial that commenced on January 13, 1985 on Indictment 1221-83 in view of the mandatory joinder provisions of R. 3:15-1(b) and N.J.S.A. *553 2C:1-8b. We disagree and reverse and remand for reinstatement of Indictment 1143-84 and further appropriate proceedings.
Indictment 1221-83 contained 17 counts and multiple defendants. Giovanni Muscia was named in 15 of these counts and was convicted of the crimes alleged in 8 of the 15. He was found guilty of five third-degree crimes of theft by receiving stolen vehicles (a 1982 Pontiac Firebird, a 1978 Porsche, a 1981 Chevrolet Camaro, a 1979 Pontiac Firebird and a 1977 Cadillac Coupe de Ville) in violation of the same statutes cited in Indictment 1143-84, plus three counts of the third-degree crime of defrauding by destroying, removing or impairing the verity of vehicle identification numbers contrary to N.J.S.A. 2C:28-7 and 39:10-7 (as to the 1978 Porsche, the 1977 Cadillac Coupe de Ville, and another Chevrolet Camaro Z-28). He received two consecutive four year sentences of imprisonment and six concurrent four year terms. All counts for which defendant was convicted related to crimes occurring between September 9-16, 1983, and Indictment 1221-83 was returned by the Grand Jury on October 20, 1983.
Another Indictment, 798-84 was returned on September 4, 1984 and charged defendant with violation of N.J.S.A. 2C:17-6(a) or (b) and receiving stolen vehicles crimes between June 1983 and January 9, 1984 with respect to 1973 and/or 1978 Datsun 240 Z and 280 Z automobiles. This indictment was dismissed by consent order dated March 29, 1985.
The court rule and statute in question are quite similar and provide, in pertinent part that:

*554
 R. 3:15-1(b) N.J.S.A. 2C:1-8b
____, a defendant shall not be ____, a defendant shall not be
subject to separate trials for subject to separate trials for
multiple indictable offenses multiple criminal offenses based on
based on the same conduct or the same conduct or arising from the
arising from the same criminal same episode, if such offenses are
episode or transaction if such known to the appropriate prosecuting
offenses are known to the officer at the time of commencement
appropriate prosecuting attorney of the first trial. (Emphasis added)
at the time of commencement of the
first trial. (Emphasis added)

The underlined words indicate the slightly different terminology of R. 3:15-1(b) and N.J.S.A. 2C:1-8b, but there is no substantive difference as applicable to the operative facts of the present case. The trial judge cited State v. Gregory, 66 N.J. 510 (1975), and concluded that dismissal of Indictment 1143-84 was required by both the court rule and the statute because "[t]he offenses of Indictment Number 1143-84 ... were known to the prosecution at the time of the trial of [Indictment Number 1221-83]." The judge recognized that it was "difficult" [and we conclude it was impossible] for the prosecutor to know of the Indictment 1143-84 offenses which occurred in April 1984 at the time of Indictment 1221-83 on October 20, 1983  but it is obvious that the prosecutor knew of the April 1984 offenses charged in Indictment 1143-84 at the time of trial of 1221-83 in January 1985 because Indictment 1143-84 was returned by the Grand Jury on December 7, 1984. The crucial inquiry, therefore, is whether the offenses are based on the same "conduct" or "criminal episode" or "transaction."
It is clear that similar type crimes were involved at all times, but it is also clear that the same conduct, criminal episode or transaction was not involved. The 1984 crimes came to light in an August 1984 investigation that included a statement by a Martin Van Riper that suggested a possibility that law enforcement officers were involved in illegal activities. A consensual wiretap of conversations between defendant and Van Riper did not provide sufficient evidence of any crimes by law enforcement *555 officers however, so that only defendant was indicted on December 7, 1984 (Number 1143-84). There is no indication in the record that Van Riper was in any way involved in the 1983 crimes, the record is silent as to whether Indictment 1143-84 was ready for trial on January 13, 1985 (although it is unlikely), and there was no motion by defendant to postpone the trial on Indictment 1221-83 nor to require joinder of Indictment 1143-84 with Indictment 1221-83 for trial. Under the totality of these circumstances, we do not believe Indictment 1143-84 should have been dismissed subsequent to the trial on Indictment 1221-83.
The constitutional basis of the mandatory joinder rule was fully reviewed in State v. Gregory, supra. The difficulties in applying this rule and lack of universal acceptance of a single test to determine whether multiple prosecutions for "the same offense" are precluded under particular circumstances are also analyzed in State v. Warren, 186 N.J. Super. 35 (Law Div. 1982). Defendant's reliance upon Gregory and State v. Antieri, 180 N.J. Super. 267 (Law Div. 1981), aff'd 186 N.J. Super. 20 (App. Div. 1982), certif. den. 91 N.J. 546 (1982), is misplaced because in both of those cases the second indictments were not sought and returned until after the first trial was concluded. State v. James, 194 N.J. Super. 362 (App.Div. 1984), is also inapposite, because there the State conceded that all the offenses arose from "the same episode." Finally, the Supreme Court Committee on Criminal Practice may want to consider recommending an amendment to R. 3:15-1 to accord with the American Bar Association Standards For Criminal Justice which provide that:
A defendant's failure to move for joinder constitutes a waiver of any right of joinder as to "same conduct" or "single criminal episode" offenses which the defendant knew had been charged.[1]
Incorporating this ABA standard in R. 3:15-1 will protect a defendant from unnecessary sequential prosecutions. At the *556 same time, the interest of the public will be served in that an ethical and diligent prosecutor will be protected from technical, arbitrary bans to subsequent prosecution of offenses where the ends of justice would otherwise be defeated.
Reversed and remanded for reinstatement of the indictment. We do not retain jurisdiction.
NOTES
[1] ABA Standards for Criminal Justice (2d ed. 1980), Ch. 13 Joinder and Severance, Standard 13-2.3(b), Failure to Join Certain Offenses.