584 A.2d 1365

STATE OF NEW JERSEY, PLAINTIFF, v. ROOSEVELT CURRY AND KELVIN JAMES LAWRENCE, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided September 21, 1989.

*Robert V. Baer*, for the State (*John H. Stamler*, Union County Prosecutor, attorney).

*Shelley Logan* for defendant Roosevelt Curry (*Elijah L. Miller, Jr.*, Public Defender, attorney).

*Larry Plummer* for defendant Kelvin James Lawrence.

BARISONEK, J.S.C.

This case of first impression involves the aggregation of quantities of a controlled dangerous substance pursuant to *N.J.S.A.* 2C:35–5(c). The defendants were charged in a single indictment of possession of a controlled dangerous substance, possession with intent to distribute second degree, and possession with intent to distribute within 1000 feet of a school.

The police officers who arrested the defendants testified that as they approached a building in a housing complex, they saw a person exiting the building. The person upon seeing the police turned and fled into the building. One officer pursued and caught the defendant, Curry, after he allegedly placed a controlled dangerous substance in a garbage chute. The same officer testified that as he entered the building he saw a second person running up the same stairwell ahead of the first defendant. The second officer remained outside the doorway of the building and saw the second defendant, Lawrence, come to the window of the third floor landing and throw a controlled

dangerous substance out the window. The second officer then went into the building and arrested the defendant, Lawrence.

When the matter was presented to the grand jury for indictment, the State alleged the arrests were a result of a single incident in which both defendants participated. Proofs were presented which demonstrated that one defendant, Curry, had more than one-half ounce of cocaine and that the other defendant, Lawrence, had less than one-half ounce of cocaine. The grand jury indicted both defendants for second degree possession of a controlled dangerous substance with intent to distribute, relying upon *N.J.S.A.* 2C:35–5(c) which provides that:

the quantity involved in individual acts of manufacturing, distribution, dispensing or possessing with intent to distribute may be aggregated in determining the grade of the offense, whether distribution or dispensing is to the same person or several persons, provided that each individual act of manufacturing, distribution, dispensing or possession with intent to distribute was committed within the applicable statute of limitations.

The State at the time of trial offered no proof to demonstrate that either defendant was associated with the other failed to present any evidence to show they were accomplices or, for that matter, anything to show that there was any relationship between the defendants.

The defendant, Lawrence, at the end of the State's case made a motion to dismiss the second degree intent to distribute charge on the basis that there were no proofs to show he possessed more than one-half ounce of cocaine. The State alleged that the controlled dangerous substance held by each defendant should be aggregated pursuant to *N.J.S.A.* 2C:35–5(c). There is no dispute that the defendants were on notice as to the request to aggregate the quantities of the controlled dangerous substance under *N.J.S.A.* 2C:35–5(c).

■ One of the necessary elements of an intent to distribute charge is possession. Therefore, before the State can aggregate quantities of individual acts, whether the distribution or dispensing is to the same or several persons, there must be proof of some form of possession of the controlled dangerous

substance to be aggregated among the defendants. This concept has been discussed in other cases, *State v. Palacio*, 111 *N.J.* 543, 545 *A.*2d 764 (1988); *State v. Shipp*, 216 *N.J.Super.* 662, 524 *A.*2d 864 (App.Div.1987) and *State v. Brown*, 80 *N.J.* 587, 404 *A.*2d 1111 (1979), which basically hold that when a defendant is one of several persons on premises or in a car where a controlled dangerous substance is found, it may not be inferred that a defendant knew of the presence or had control of the controlled dangerous substance and was therefore guilty of possession. There must be other circumstances or statements of the defendant which would permit such an inference to be drawn.

Since the State in the case at hand was unable to show circumstances which would lead a reasonable person to infer that the defendant, Lawrence, had any form of legal possession or any control over the controlled dangerous substance of his co-defendant, the aggregation provision of *N.J.S.A.* 2C:35–5(c) does not apply.

The aggregation provision of *N.J.S.A.* 2C:35–5(c) as stated in the comment to the statute is for purpose of grading the offense and is analogous to the grading of theft offenses under *N.J.S.A.* 2C:20–2(b)(4). This statute speaks of grading of thefts involving one scheme or course of conduct whether from the same or several persons. The cases interpreting that statute indicate that to aggregate, the thefts must involve a continuing course of action. *State v. Tyson*, 200 *N.J.Super.* 137, 490 *A.*2d 386 (Law Div.1984); *State v. Stern*, 197 *N.J.Super.* 49, 484 *A.*2d 38 (App.Div.1984). However, where the alleged thefts were not part of the same criminal episode or transaction, there may not be an aggregation. *State v. Muscia*, 206 *N.J.Super.* 551, 503 *A.*2d 346 (App.Div.1985). *N.J.S.A.* 2C:20–2 speaks of thefts and specifically refers to one scheme or course of conduct, whether from the same person or persons, meaning the persons from whom the property was stolen. There has to be some common thread between the incidents of thefts and the

thieves for the defendants to be joined if there was more than one person involved. *R.* 3:15–1. The same must hold true for aggregation under *N.J.S.A.* 2C:35–5(c), that is, there must be a common thread of possession either through scheme, conspiracy, acting as accomplices or continuing course of action. The mere fact that two people may be in the same hallway with a controlled dangerous substance without other circumstantial evidence or statements of the defendants to show some common thread, the aggregation under *N.J.S.A.* 2C:35–5(c) may not be made.

The motion to dismiss the intent to distribute in the second degree charge as to defendant, Lawrence, is granted. Possession with intent to distribute in the third degree based on the quantity of the controlled dangerous substance allegedly on his person, however, remains.