603 A.2d 99

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. DARYLE
P. PELLEGRINO, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1992—Decided February 19, 1992.

Before Judges PETRELLA, R.S. COHEN and A.M. STEIN.

*Joshua P. Cohn,* Assistant Prosecutor, argued the cause for appellant (*John J. Fahy,* Bergen County Prosecutor, attorney; *Joshua P. Cohn,* of counsel and on the briefs).

*Philip De Vencentes* argued the cause for respondent (*Galantucci & Patuto,* attorneys; *Philip De Vencentes,* on the letter brief).

PER CURIAM.

The Bergen County prosecutor appeals from an order entered in the Law Division denying the State's motion to terminate the participation of Daryle P. Pellegrino in the county's Pretrial Intervention Program (PTI).

Pellegrino was admitted to PTI on September 12, 1989 in Bergen County in connection with the robbery of a pocketbook from an elderly woman in the parking lot of the Shop–Rite Supermarket in Rochelle Park on May 23, 1989. Upon entering PTI, all criminal proceedings against Pellegrino were postponed for six months. On March 16, 1990 his continuance in PTI was approved until September 12, 1990. During this time Pellegrino was charged in New Brunswick with distribution of LSD to an undercover police officer on March 28, 1990 in violation of *N.J.S.A.* 2C:35–5. The event occurred at Pellegrino's fraternity house at Rutgers University where he was then enrolled as a student. At some time thereafter, the Bergen County Prosecutor was advised of the charges.

On September 9, 1990 PTI was continued until March 12, 1991, and then again continued until September 12, 1991.

Pellegrino pleaded guilty on June 27, 1991 to the charge of distribution of LSD, a second degree offense (*N.J.S.A.* 2C:35–5), and was sentenced to three years of probation with the condition that he undergo alcohol evaluation, complete 50 hours of community service and pay $94 in restitution. The usual Drug Enforcement and Demand Reduction (DEDR) penalty and Violent Crimes Compensation Board (VCCB) penalty were imposed.

As a result of the drug distribution conviction, the Bergen County PTI director moved on September 5, 1991 to terminate PTI. At the PTI hearing it was argued on Pellegrino's behalf that he should not be terminated from PTI because he had distributed the LSD as an "accommodation" to a fraternity brother; had made no money from the transaction; and was not a drug user. Reference was also made to the fact that Pellegrino had been seeking psychological counselling for emotional problems.

The judge refused the prosecutor's request to terminate PTI and ordered that Pellegrino be readmitted to the program for one more year. The judge also transferred the matter to Middlesex County and imposed another $1,000 DEDR penalty and another $50 laboratory fee.

■ Essentially, Pellegrino urges that the court apply the same standard of review as in probation revocation matters, relying on *State v. Devatt*, 173 *N.J.Super.* 188, 194, 413 *A.*2d 973 (App.Div.1990), in which the court saw no reason to distinguish between probation revocation and PTI termination in terms of due process requirements. However, the statutes and standards for termination of PTI and probation revocation differ. With respect to PTI, *N.J.S.A.* 2C:43–13e provides:

Violation of conditions. Upon violation of the conditions of supervisory treatment, the court shall determine, after summary hearing, whether said violation warrants the participant's dismissal from the supervisory treatment program or modification of the conditions of continued participation in that or another supervisory treatment program. Upon dismissal of participant from the supervisory treatment program, the charges against the participant may be reactivated and the prosecutor may proceed as though no supervisory treatment had been commenced.

Probation revocation is governed by *N.J.S.A.* 2C:45–3a(4) which states:

The court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if he has been convicted of another offense, may revoke the suspension or probation and sentence or resentence the defendant, as provided in this section. No revocation of suspension or probation shall be based on failure to pay a fine or make restitution, unless the failure was willful.

There is no standard of excusable failure or requirement of willful failure in the PTI termination statute as in the probation revocation statute. Thus, despite case law analogizing PTI termination with probation revocation, the probation revocation standard is not interchangeable with the standard for terminating PTI.

Although the State argues that a *per se* rule should be applied which would require termination of PTI participation on conviction of a first or second degree offense, *see State v. Fenton*, 221 *N.J.Super.* 16, 26, 533 *A.*2d 405 (Law Div.1987), we need not declare such a broad rule in this case.

Here, the judge held a hearing on the prosecutor's request to terminate PTI. The fact that within six months after being accepted into PTI Pellegrino was arrested for distributing LSD to an undercover police officer, and later convicted, makes it clear that the violation warranted his dismissal from the supervisory treatment program. *N.J.S.A.* 2C:43–13e. The hearing clearly established that there was adequate justification under the circumstances to terminate Pellegrino's further participation in the program. *State v. Devatt, supra,* 173 *N.J.Super.* at 194, 413 *A.*2d 973.

This is not a case where there has merely been an arrest or an indictment. See *State v. Fenton, supra,* 221 *N.J.Super.* at 24, 533 *A.*2d 405 (failure to report fact of arrest was a breach of PTI conditions and warranted termination of PTI). Here, however, there has been a plea of guilty entered to a second degree offense which is one that normally carries a presumption of. incarceration. *See N.J.S.A.* 2C:44–1(d). The fact that Pellegrino received probation on the Middlesex County sentence is not determinative of whether he should continue in PTI. A conviction of a second degree crime while on PTI is not only a breach

of the PTI conditions,[1] but is clearly a more "significant viola-
tion" than failure to report or the "mere" fact of an arrest or
even an indictment. *Fenton, supra,* 221 *N.J.Super.* at 27, 533
*A.*2d 405. Indeed, under the PTI guidelines, there is a pre-
sumption of ineligibility for PTI for an individual who is
charged with a first or a second degree crime. *See R.* 3:28
(Guideline 3(i)). Pellegrino's conviction here clearly violated the
PTI program and conditions and was convincing evidence that
he deliberately violated the requirements not to engage in
criminal conduct and to behave in a law-abiding manner. It
would be anomalous to have a presumption of ineligibility for
PTI participation for first and second degree offenses, but to
conclude that conviction of a second degree offense is not
sufficient for termination on the prosecutor's application.
Hence, the Law Division judge mistakenly ruled under the facts
of this case that Pellegrino should be allowed to continue in
PTI.

Pellegrino had his chance to avoid being subjected to a trial
on his purse snatching charge, and his actions in becoming
involved in a second degree offense of distribution of LSD, no
matter what his claimed reasons and motives, can only be
understood as a demonstration of unsuitableness for his further
participation in the program.

---

[1]The "Participation Agreement" signed by Pellegrino on July 11, 1989, recited
in paragraph 2 that he understood that he "may be terminated from partic-
ipation if I fail to live up to this agreement." Paragraph 5 stated:

I understand that no recommendation for dismissal of the charges
against me will be made unless I show convincing evidence that I will not
now or in the future, engage in criminal or disorderly conduct, and unless
I live up to this agreement.

I UNDERSTAND ALSO THAT IF I DO CONVINCE THE PROJECT THAT
I CAN AND WILL BEHAVE IN A LAW–ABIDING MANNER, A DISMIS-
SAL RECOMMENDATION WILL BE MADE AND, IF ACCEPTED BY THE
COURT, MY CASE WILL BE DISMISSED WITHOUT TRIAL AND THAT I
WILL NOT, THEN, HAVE A CONVICTION RECORD BECAUSE OF THE
PRESENT CHARGES AGAINST ME.

Reversed and remanded for entry of an order revoking Pellegrino's PTI participation.