786 A.2d 903

STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. CHRISTOPHER ALLEN, DEFENDANT-
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 11, 2001—Decided December 28, 2001.

Before Judges PRESSLER, CIANCIA and PARRILLO.

*John G. Laky*, Warren County Prosecutor, attorney for appellant (*Leeann Cunningham*, Assistant Prosecutor, of counsel and on the brief).

*Peter A. Garcia*, Acting Public Defender, attorney for respondent (*Carolann Fritz*, Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

PARRILLO, J.A.D.

The State's appeal presents the issue of under what circumstances and for what reasons a defendant may be denied dismissal of the underlying charges after he or she successfully completes a Pre–Trial Intervention (PTI) program. In this case, the trial court granted defendant's dismissal from the PTI program over the objection of the State and without a hearing. For the following reasons, we affirm that order.

On January 25, 2000, defendant Christopher Allen was charged in Warren County by accusation with two counts of third-degree fraudulent use of credit cards, *N.J.S.A.* 2C:21–6h, and one count of fourth-degree forgery, *N.J.S.A.* 2C:21–1a(1); and, by complaint,

with two counts of theft by deception, *N.J.S.A.* 2C:20–4a. The proceedings on those charges were postponed with the consent of the prosecutor, and defendant entered a PTI program for a period of twelve months beginning April 6, 2000.

Apparently unknown to the prosecutor at that time, defendant had been arrested in Hunterdon County on March 15, 2000, for possession of marijuana under fifty grams. That matter was disposed of in the Union Township Municipal Court where, on April 25, 2000, approximately three weeks after defendant was admitted to PTI, defendant received a conditional discharge.

On March 6, 2001, one month prior to the expiration of defendant's PTI program, the Warren County Prosecutor received the probation department's recommendation that the charges against defendant be dismissed since he had successfully completed all aspects of the PTI program. In the course of reviewing that recommendation, the prosecutor's office discovered the Hunterdon County pre-PTI program arrest and the subsequent conditional discharge granted after defendant entered Warren County's PTI program.

By letter dated April 17, 2001, the prosecutor informed the Union Township Municipal Court administrator about defendant's situation and his ineligibility on April 25, 2000, for a conditional discharge under *N.J.S.A.* 2C:36A–1(c)(3), because on that date he had already been admitted to the Warren County PTI program. The letter also indicated that the prosecutor's office would not consent to the dismissal of the Warren County charges pending Hunterdon County's action with respect to defendant's conditional discharge in that court.

By memo dated April 20, 2001, the probation officer assigned to defendant's case wrote to Judge Kingfield indicating that, despite the prosecutor's objection to the dismissal of the Warren County PTI charges, probation recommended dismissal because the Hunterdon County offense occurred prior to defendant's entry into PTI and he had successfully completed all of the PTI program requirements. The prosecutor's office responded by letter dated

April 23, 2001, to Judge Kingfield characterizing defendant's motion for a conditional discharge as illegal under *N.J.S.A.* 2C:36A–1(c)(3) given his acceptance into the PTI program at that time. The letter also noted defendant's failure to comply with the conditional discharge requirements and that a warrant for his arrest had been issued by the Union Township Municipal Court on January 22, 2001. The prosecutor requested that Judge Kingfield order prosecution of defendant "in the ordinary course" instead of dismissing the charges.

On April 24, 2001, Judge Kingfield wrote to defendant's probation supervisor that he was declining to sign the dismissal of charges order given the prosecutor's position. The judge instructed the probation office to serve a notice of PTI termination upon defendant so that the issues raised by the prosecutor's office could be resolved. By letter dated the following day, defendant's counsel urged Judge Kingfield to sign the order of dismissal on the ground that the PTI program expired on April 6, 2000, rendering termination of the PTI essentially moot. Given defendant's successful completion of the PTI program requirements, he was entitled to an order of dismissal.

The probation office did not file a notice of PTI termination as directed by Judge Kingfield. With Judge Kingfield's retirement, this matter was assigned to Judge Pursel who issued an order of dismissal of defendant's Warren County charges on June 13, 2001. The order was accompanied by a written decision wherein the judge acknowledged the respective positions of the prosecutor and defendant concerning the propriety of the charges in the face of defendant's conditional discharge in municipal court on the marijuana possession offense nineteen days after defendant was admitted to the PTI program. However, the judge pointed to the absence of proof concerning what defendant may have said under oath at the municipal court proceedings which led to the conditional discharge, concluding that "what may have happened at the time defendant entered into conditional discharge in the municipal court is a matter properly addressed to the municipal court."

Since the defendant was properly admitted into the Warren County PTI, and successfully completed the program, defendant "should be dismissed from PTI."

Judge Pursel found the prosecutor's refusal to consent to the dismissal insufficient grounds to bar his signing the order requested. The judge analogized the situation before him to that in *State v. Fenton,* 221 *N.J.Super.* 16, 533 *A.*2d 405 (Law Div.1987), where Judge Haines held that an unadjudicated arrest was insufficient cause for terminating a defendant from PTI prior to its conclusion. Judge Pursel reasoned that "by analogy, after completing PTI, an unadjudicated arrest (such as a conditional discharge) does not meet the standard for withholding dismissal of the complaint/accusation against the defendant."

On appeal, the State argues that the trial court erred in entering its order of dismissal absent the prosecutor's consent and without a hearing, in that defendant's acceptance of a conditional discharge should have barred his consideration for another pre-trial diversionary benefit such as the PTI program at issue here. We disagree.

*Rule* 3:28(c)(3) sets out one of three permitted dispositions of a defendant at the conclusion of a PTI program where there is a written recommendation—by either the criminal division manager, the prosecutor, or the court itself—that the prosecution of the defendant should proceed in the ordinary course rather than result in an order of dismissal of the charges. The rule provides that, where prosecution of the charges is recommended by the criminal division manager or the prosecutor, that person shall "provide the defendant or defendant's attorney with a copy of such recommendation, shall advise the defendant of the opportunity to be heard thereon, and the designated Judge shall afford the defendant such a hearing." *R.* 3:28(c)(3).

That a hearing was not held in this case prior to entry of the order of dismissal is hardly dispositive. That requirement obviously inures to the benefit of a defendant who faces prosecution in the wake of executive refusal to consent to a dismissal of the

charges. Neither did the lack of a hearing prejudice the State. There were no factual issues to be resolved at such a hearing and the prosecutor's objections were fully considered, addressed, and adjudicated by the trial court as a matter of law.

■ The real issue, of course, is whether the trial court properly dismissed the charges after defendant's completion of PTI in light of defendant's application for, and acceptance of, a conditional discharge, granted after his entering into PTI. We review the trial judge's decision by engaging in a "searching and close review of the record to determine whether [the judge] used the proper standards in reviewing the prosecutor's action, and whether the trial judge's decision is supported by sufficient credible evidence." *State v. Maguire*, 168 *N.J.Super.* 109, 116, 401 *A*.2d 1106 (App. Div.), *certif. denied*, 81 *N.J.* 408, 408 *A*.2d 801 (1979). Judged by that standard, the decision to override the prosecutor's objection as arbitrary and an abuse of executive discretion, and to order dismissal of the underlying charges, is unassailable. *See State v. Hermann*, 80 *N.J.* 122, 128, 402 *A*.2d 236 (1979).

■ We emphasize that this is not a case where a defendant had already received a conditional discharge and subsequently applies for PTI admission, a sequential circumstance that admittedly would bar his consideration for the second pre-trial diversionary opportunity. *N.J.S.A.* 2C:36A–1; *N.J.S.A.* 2C:43–12; *State v. Johnson*, 282 *N.J.Super.* 296, 660 *A*.2d 1 (App.Div.1995). Nor are we asked to decide whether admission into PTI before a defendant is granted a conditional discharge for an offense committed prior to his admission to the PTI program renders that defendant ineligible for a conditional discharge pursuant to *N.J.S.A.* 2C:36A–1(c)(3).[1] Rather, here, defendant was found

---

[1] That statute renders a conditional discharge unavailable to any person who previously received supervisory treatment under *N.J.S.A.* 2C:43–12, 'Supervisory Treatment–Pretrial Intervention.' Whether defendant's PTI admission in this case was a "previously received supervisory treatment," within the meaning of *N.J.S.A.* 2C:36A–1(c)(3), or as defendant argues, "was contemporaneous with the

eligible for, and had been properly admitted into, PTI with the prosecutor's consent despite the public record existence of an unresolved municipal charge of simple marijuana possession against him in another county before his entry into the program. The conditional discharge of the municipal charge followed defendant's admission into PTI and therefore did not effect his eligibility or qualification for the PTI program in which he was enrolled with the prosecutor's consent.

█ It has been held that, because of the fundamental principle of presumption of innocence, a defendant's arrest may not serve as a basis for rejection from PTI. *State v. Wood,* 211 *N.J.Super.* 110, 118, 510 *A.*2d 1210 (Law Div.1986). *See also N.J.S.A.* 2C:43–12(e)(9); Pressler, *Current N.J. Court Rules,* Guideline 3(e) on *R.* 3:28 (2002); *State v. Pellegrino,* 254 *N.J.Super.* 117, 120, 603 *A.*2d 99 (App.Div.1992). Nor can an arrest serve as the sole basis for terminating a defendant, already admitted into PTI, prior to conclusion of the program. *Fenton, supra,* 221 *N.J.Super.* at 24–26, 533 *A.*2d 405; *Pellegrino, supra,* 254 *N.J.Super.* at 120, 603 *A.*2d 99. We see no reason why a different standard should apply in this case where defendant was not only formally approved for admission but, in fact, successfully completed the PTI program and is awaiting disposition of the underlying charges.

Indeed, such a case as this presents compelling circumstances to overcome the prosecutor's objection. Here, defendant successfully completed the PTI program, acquired no new arrests during the PTI term, and, as even the State acknowledges, fulfilled all the conditions of his supervisory treatment—including completion of fifty hours of community service and payment of full restitution. He did so in good faith and in reliance on the expectation that there would be finality in his status at the end of his PTI term. On the other hand, during defendant's twelve-month service in PTI, the State never moved for his termination from the program

supervisory treatment under the conditional discharge" need not be decided here.

despite the ready availability of public record information concerning his un-adjudicated arrest.[2]  The prosecutor's belated withholding of consent therefore threatens to defeat defendant's legitimate and reasonable expectations that, upon successful completion of PTI, his exposure to trial on the underlying charges would be at an end.  *See State v. Nwobu*, 139 *N.J.* 236, 258, 652 *A.2d* 1209 (1995); *State v. Davis*, 244 *N.J.Super.* 180, 193, 581 *A.2d* 1333 (App.Div.1990); *State v. Singleton*, 143 *N.J.Super.* 65, 68, 362 *A.2d* 626 (Law Div.1976).  To compel defendant to stand trial now, given these circumstances, would be a denial of essential fairness.  Consequently, the prosecutor's decision to the contrary, based on an erroneous view of the effect of a conditional discharge received *after* defendant's proper admission into PTI, was arbitrary and an abuse of executive discretion.  There is no sound reason to disturb the trial court's decision to override the prosecutor's objection and to grant defendant's dismissal from the PTI program and of the underlying charges.

Affirmed.

---

[2] Although the State received the recommendation of dismissal from the probation department approximately one month prior to the end of the twelve month postponement period, it took no action on the recommendation until after the expiration of the postponement period, despite Judge Kingfield's having declined to sign the dismissal.  In fact, it was not until July 18, 2001, some four months after the expiration of the postponement period, that the State took any action with regard to this matter.